EARL BOLWIN, Plaintiff-Appellant, *v.* EL KAY MANUFACTURING COMPANY, Defendant-Appellee.

(No. 60917;

First District (3rd Division)—September 4, 1975.

Joseph B. Lederleitner and Steinberg, Burtker & Kages, Ltd., both of Chicago, for appellant.

Slovacek and Galliani, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This action was brought by Earl Bolwin to recover damages from the defendant, El Kay Manufacturing Company, for personal injuries suffered in an assault committed by Willie Davis, who was employed as a shipping checker by El Kay at the time of the incident. Bolwin was his only witness and after hearing his testimony, the trial court directed a verdict for the defendant, based upon its finding that the assault was outside the scope of Davis' employment.

Bolwin contends that his testimony concerning the shipping checker's assault while he was loading his truck on the defendant's premises was sufficient evidence to present a question of fact that should have been determined by the jury and, therefore, it was reversible error for the court to direct a verdict for the defendant.

Bolwin testified that he was a truck driver for Be-Mac Transportation and that on May 28, 1969, he was sent by his employer to El Kay Manufacturing Company to pick up a load of freight. When he arrived at El Kay around 1:30 in the afternoon, he was directed to back his empty trailer up to the loading dock. After doing this, he went to the shipping clerk's office where he presented a bill of lading, which listed the material he was to pick up. The bill was given to a checker. Bolwin stated that it was the customary job of a checker to go into the warehouse and retrieve the items listed on a bill of lading and to transport them to the loading dock so that they could be placed in trucks.

The checker who was assigned to his truck was unknown to Bolwin. The checker brought the freight to the loading dock on 4' x 4' wooden skids. Bolwin had emptied four or five skids into his trailer and had placed the empty skids next to his truck, when he heard a disturbance on the dock. He stated that as he left his trailer, some skids were being

shoved around the dock and one landed near his truck. He asked the checker assigned to his truck what was taking place; and before he received an answer the checker struck him on the right side of his face. Bolwin declared that he had said nothing to provoke the assault which he described as a "spontaneous explosion." As a result of the blow, he suffered a broken jaw and related dental injuries.

At the close of his testimony, Bolwin rested his case. The defendant also rested and both sides presented motions for a directed verdict.

The plaintiff asserts that the uncontradicted testimony establishes: that (1) he was lawfully on the defendant's premises at the time of the assault; (2) that he had been loading his truck with materials for 10 minutes when he was struck by Davis, the defendant's employee, without provocation, and (3) that he and Davis were not acquainted with each other and there was no personal animosity between them. He argues that this evidence was sufficient to create a question of fact as to whether Davis was within the scope of his authority when he committed the assault and that this question should have been presented to the jury for determination.

■■ The general rule is that a person, who is injured by the negligence of another individual, must seek his remedy for damages against the person who caused the injury. However, the doctrine of *respondeat superior* is an exception to this rule of law. Under this exception, the negligence of the employee is imputable to the employer, if the relationship of principal-agent existed at the time of and in respect to the transaction out of which the specific injury arose. *Metzler v. Layton* (1939), 373 Ill. 88, 25 N.E.2d 60.

However, it is of little consequence, that the negligent employee was usually the agent of his employer if, at the time of his tortious conduct toward the third party, the relationship of principal-agent was temporarily discontinued. If he was not acting as his employer's agent at the time of the tort, the employer cannot be held liable for his negligent act. It is the burden of the plaintiff, who asserts this agency, to show that the employee was acting as the agent of the defendant-employer when the injury was inflicted. *Brill v. Davajon* (1964), 51 Ill.App.2d 445, 201 N.E.2d 253.

■■ In order to meet this burden the plaintiff must show not only that the tortfeasor was an employee, but that the relationship of principal and agent was not suspended at the time of the injury and that this relationship existed with respect to the particular transaction from which the tort arose. (*Awe v. Striker* (1970), 129 Ill.App.2d 478, 263 N.E.2d 345; *Shannessy v. Walgreen Co.* (1945), 324 Ill.App. 590, 59 N.E.2d 330.)

If the plaintiff is unable to sustain each of these factors, the question of agency need not be submitted to the jury.

It is our opinion that the plaintiff did not meet his burden of proof. There was no evidence that established a connection between the checker's attack and some function that he was performing for his employer. Bolwin's testimony simply did not prove that the checker was acting as the defendant's agent at the time the assault took place. His testimony made out a strong case against Davis, but none against the company for which Davis worked.

The plaintiff bases his contention that the employee-employer relationship was not suspended at the time of his injury on *Bonnem v. Harrison* (1958), 17 Ill.App.2d 292, 150 N.E.2d 383. In *Bonnem*, which involved an assault by an employee, the reviewing court held that the question whether the employee was acting within the scope of his authority at the time of the injury was for the jury. However, in *Bonnem* the defendant's employee was directed by his employer to drive to an automobile dealership and purchase a light switch for his employer's car. When the employee arrived at the dealership, he parked his car at the entrance of the store's parking lot, blocking ingress and egress of other automobiles. The plaintiff store manager ordered the employee to remove his car because it was disrupting business and the defendant's employee refused to do so. As a result, a series of caustic remarks were exchanged between the plaintiff and the defendant's employee. This confrontation escalated in vehemence until, finally, the employee struck the plaintiff. The injury to the plaintiff was thus preceded by the argument between him and the defendant's employee, who had not finished the task assigned to him by his employer at the time he assaulted the plaintiff.

There was no similar evidence here. Bolwin's testimony did not disclose what the checker was doing just prior to the attack or whether he had or had not completed the job of bringing freight to Bolwin's truck. The attack was not preceded by an argument arising out of the manner in which the checker was doing his work, but only by a simple inquiry unrelated to the loading of the truck. This testimony was not enough to require that the trial court submit the issue of El Kay Manufacturing Company's liability for its employee's tortious conduct to the jury.

The trial court did not err in directing a verdict for the defendant. The judgment will be affirmed.

Affirmed.

McGLOON, P. J., and McNAMARA, J., concur.