GLORIA HOOVER, Plaintiff-Appellant, *v.* UNIVERSITY OF CHICAGO HOSPITALS *et al.*, Defendants-Appellees.

First District (1st Division)   No. 76-868

Opinion filed August 1, 1977.—Rehearing denied August 30, 1977.

Gloria Hoover, of Chicago, for appellant, *pro se.*

Algimantas Kezelis and Capper C. Grant, both of Menk, Bishop & Kezelis, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from two separate orders of the trial court which resulted in a dismissal of all four counts of plaintiff's amended complaint. The first order dismissed count II of the amended complaint for failure to state a cause of action. Amended count II alleged an intentional tort against the defendant doctor and sought recovery jointly and severally from the defendant doctor and his employer, the University of Chicago

Hospitals. The second order dismissed the remaining counts of plaintiff's amended complaint for failure to comply with a discovery order. Plaintiff, arguing *pro se*, now appeals from both of the above orders.

Plaintiff raises the following issues for review: (1) whether the trial court erred in denying her request for a change of venue; (2) whether the trial court erred in dismissing count II of the amended complaint; and (3) whether the trial court erred in striking the remaining counts of plaintiff's amended complaint due to her failure to produce an expert witness.

We affirm in part, reverse in part, and remand.

This action was initiated when plaintiff, through retained counsel, filed a four-count complaint alleging malpractice and assault and seeking damages from Dr. Kayoda Shenkoya and his employer, the University of Chicago Hospitals. After the trial court ordered that the original complaint be dismissed, plaintiff, again with the assistance of counsel, filed an amended complaint in four counts. Count I of the amended complaint alleged that while plaintiff was being examined by Dr. Shenkoya on or about September 13, 1973, at the University of Chicago Hospitals, he intentionally assaulted her, overpowered her and had sexual intercourse with her against her will. Count I demanded both compensatory and punitive damages from Dr. Shenkoya. Count II of the amended complaint incorporated by reference the above allegations of count I and further alleged that the above sexual assault occurred within the office examining room of the University of Chicago Hospitals while Dr. Shenkoya was an agent and employee of said hospital and acting in behalf of said hospital. Count II prayed for compensatory and punitive damages from both defendants jointly and severally.

In count III of the amended complaint plaintiff alleged that Dr. Shenkoya, knowing that plaintiff was suffering from severe emotional distress, negligently prescribed and dispensed sleeping pills and tranquilizers and prayed for damages from the defendant doctor. In count IV of the amended complaint plaintiff realleged that Dr. Shenkoya was an agent of the hospital, that he was acting within the scope of his employment and on behalf of the defendant hospital when he negligently prescribed the sleeping pills and tranquilizers. Count IV demanded judgment against the defendants jointly and severally.

Defendants filed separate answers to the amended complaint and motions to strike the same. While these motions were pending, plaintiff filed a motion to discharge her counsel. After the trial court granted this motion, the plaintiff, acting *pro se*, filed a second amended count III. In this second amended count III plaintiff alleged that from December of 1973 to September of 1974 she was a patient at the University of Chicago Hospitals and was receiving treatment from Dr. Shenkoya; that specifically on January 24, 1974, she was treated for Rheumatic Heart

Disease by Dr. Shenkoya; that Dr. Shenkoya stated that this condition was aggravated by tension and that if the plaintiff did not get sexual relief from such tension she would need open heart surgery; and that on January 24, 1974, without her consent, the defendant doctor sexually molested her. This second amended count III also alleged that Dr. Shenkoya negligently prescribed for her sleeping pills and tranquilizers and otherwise negligently treated her and that all the above acts occurred while the defendant doctor was an agent and employee of the University of Chicago Hospitals and acting within the scope of his employment. This court concluded praying for judgment against both Dr. Shenkoya and the defendant hospital individually.

Defendants filed separate answers to this second amended count III and the hospital renewed its motion to strike count II of the amended complaint. On May 19, 1976, the trial court dismissed count II of the amended complaint for failure to state a cause of action.

Shortly after dismissing count II of the amended complaint, the trial court, pursuant to Supreme Court Rules 218 and 219(c) (Ill. Rev. Stat. 1975, ch. 110A, pars. 218 and 219(c)), dismissed counts I, III and IV of the amended complaint due to plaintiff's failure to comply with an order for discovery. The facts underlying this second order are briefly set forth below. On February 26, 1976, defendants filed and served plaintiff with interrogatories and a request to produce. After plaintiff failed to comply with these requests for discovery and pursuant to defendants' motion, the trial court, on June 7, 1976, ordered that plaintiff answer the interrogatories on or before June 14, 1976. Plaintiff thereafter filed answers to the interrogatories and a response to defendants' request to produce. Pursuant to defendants' motion to strike plaintiff's answers and response, the trial court, on June 23, ordered that the matter be continued "to June 30, 1976 unless plaintiff shall have produced the name of an expert witness in her behalf." On July 6, the trial court entered an order finding that plaintiff had (1) refused to retain counsel although she was without skill to prosecute her cause, (2) had refused court-appointed counsel, and (3) had wrongfully failed and refused to disclose an expert witness in her behalf. The trial court's order concluded dismissing the cause with prejudice pursuant to Supreme Court Rules 218 and 219(c).

■■ We first consider whether the trial court erred in denying the plaintiff's purported motion for a change of venue. On May 18, 1976, plaintiff, proceeding *pro se*, filed a document captioned "Affidavit of Prejudice" which alleged that the trial court judge was prejudiced. Plaintiff refers to this document in her appeal and argues that it entitled her to a change of venue. We disagree. The document was not verified nor did it request a change of venue. If a party fears that he will not receive a fair trial because the judge is prejudiced against him, a change

of venue may be had only upon application. (Ill. Rev. Stat. 1975, ch. 146, par. 1.) Every such application for a change of venue shall be verified by the affidavit of the applicant and shall pray for a change of venue. (Ill. Rev. Stat. 1975, ch. 146, par. 3.) Plaintiff's application did neither and as a result the trial court correctly dismissed it.

We next consider the propriety of the trial court's order of May 19, 1976, dismissing count II of the amended complaint for failure to state a cause of action. In count II of the amended complaint plaintiff alleged that Dr. Shenkoya, while an agent of defendant hospital and while acting in the scope of his agency, made an indecent assault upon the plaintiff and carnally knew her against her will. Amended count II sought judgment against Dr. Shenkoya and the hospital jointly and severally.

■■ It is our decision that the trial court correctly dismissed count II of the amended complaint because it failed to state a meritorious cause of action. A good summary of cases in Illinois concerning an employer's responsibility for acts of his employee is contained as follows in *Bremen State Bank v. Hartford Accident & Indemnity Co.* (7th Cir. 1970), 427 F.2d 425, 428:

> "Thus, an employer was not liable for the criminal act of its employee-watchman in setting fire to the building which he had been employed to guard, *Apex Smelting Co. v. Burns*, 175 F.2d 978 (7th Cir. 1949), or for the shooting of a trespasser who was leaving the employer's premises by a guard who was armed without the knowledge or permission of the employer, *Belt Railway Co. v. Banicki, supra*, or where the employee engaged in a fistfight for purposes unrelated to his job, *Horecker v. Pere Marquette R. Co.*, 238 Ill. App. 278 (1925), or where the employee-driver deviated from the route leading to the destination assigned by the employer, *Boehmer v. Norton*, 328 Ill. App. 17, 65 N.E.2d 212 (1946). On the other hand, the employer was held liable where an employee-brakeman who had been instructed to remove unauthorized riders on railroad cars wilfully and maliciously pulled a boy off a moving train, crushing the latter's foot in the process, *Illinois Central R. Co. v. King*, 179 Ill. 91, 53 N.E. 552 (1899), and where the employee mistakenly injured the plaintiff in defending the employer's property against robbers, *Metzler v. Layton*, 298 Ill. App. 529, 19 N.E.2d 130, aff'd 373 Ill. 88, 25 N.E.2d 60 (1939)."

As can be gleaned from the above cases and as stated in *Bremen State Bank*, the following rule has emerged in Illinois concerning an employer's liability for the acts of his employee:

> " * * * [T]he rule in Illinois is that the employer is liable for the negligent, wilful, malicious, or criminal acts of its employees when such acts are committed during the course of employment and in

furtherance of the business of the employer; but when the act is committed solely for the benefit of the employee, the employer is not liable to the injured third party. *Johanson v. Johnston Printing Co.*, 263 Ill. 236, 240, 104 N.E. 1046 (1914); *Belt Railway Co. v. Banicki*, 102 Ill. App. 642, 647 (1902)." 427 F.2d 425, 428.

In the instant case the intentional sexual assault alleged in count II of the amended complaint cannot be interpreted as an act in furtherance of the hospital's business. This alleged intentional act of the doctor was committed solely for the benefit of the doctor and the trial court correctly ordered count II of the amended complaint dismissed.

Plaintiff next appeals from the July 6, 1976, order of the trial court dismissing amended count I, III and IV for failure to comply with a discovery order. A persistent failure to comply with a discovery order is a proper ground for dismissal. (*Goldman v. Checker Taxi Co.* (1967), 84 Ill. App. 2d 318, 228 N.E.2d 177.) In the instant case the trial court, after noting that plaintiff had dismissed her own counsel, had refused court-appointed counsel and had consistently refused to comply with a discovery order and disclose an expert witness in her behalf, ordered that counts I, III and IV of her amended complaint be dismissed. Plaintiff made no request in the trial court for a continuance in order to obtain an expert witness nor did she move in the trial court for a vacatur of the July 6 order. Plaintiff never indicated to the trial court that she intended to comply with the discovery order but instead argued that an order of dismissal would be unjust because she did not need an expert witness. Arguing *pro se* on appeal the plaintiff contends that the negligence of the physician was so gross that a layman could detect the malpractice without the testimony of expert witnesses. We believe that under these facts, plaintiff persistently failed to comply with a discovery order to produce an expert witness.

Supreme Court Rule 219(c)(vi) (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c)(vi)) provides that if any party refuses to comply with an order for discovery that the court may order that any portion of that party's pleadings relating to that issue be stricken. However, the court may strike only those pleadings which bear some reasonable relation to the information withheld. *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6.

■■ In the instant case the trial court dismissed amended counts I, III and IV because plaintiff refused to comply with that part of a discovery order requiring her to disclose an expert witness. It is the general rule in a medical malpractice action that plaintiff establish through the use of expert testimony that the defendant physician was negligent in his treatment and that such injuries suffered by the plaintiff were the result of such negligence. (*Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 328

N.E.2d 301.) An exception to this general rule exists where the physician's conduct is so grossly negligent or the treatment so common that a layman could readily appraise it. (*Lundahl v. Rockford Memorial Hospital Association* (1968), 93 Ill. App. 2d 461, 235 N.E.2d 671.) Thus, in the instant case, the trial court could properly strike only those pleadings relating to medical malpractice and alleging conduct on the part of the physician not so grossly negligent or treatment so common that a layman could readily understand it. Applying the above reasoning, we believe the trial court, under the sanctions provided in Supreme Court Rule 219(c)(vi), could properly have stricken only those allegations relating to the dispensation of pills and tranquilizers in counts III and IV of the amended complaint. The remaining allegations do not pertain to medical malpractice and do not require the necessity of expert testimony.

However, Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366) entitled this court to give any judgment and make any order that ought to have been given or made, or make any other or further orders and grant any relief that the case may require. In the instant case the second amended count III alleged certain intentional acts on the part of the doctor, alleged that these acts were done without the plaintiff's consent, and sought judgment against both the doctor and the hospital, the doctor's employer. For the same reasons we previously mentioned in affirming the trial court's order dismissing count II of the amended complaint, it is our decision that as to the hospital employer no cause of action was stated in the second amended count III. Thus, we dismiss count III as to the defendant hospital.

For the abovementioned reasons, we affirm the order of the trial court dismissing count II of the amended complaint; strike those parts of counts III and IV of the amended complaint which allege that the defendant doctor negligently prescribed and dispensed sleeping pills and tranquilizers; and dismiss the defendant hospital from count III of the amended complaint. We also reinstate count I of the amended complaint and that portion of the second amended count III which alleges intentional acts on the part of the defendant doctor and prays for judgment against him. The cause is remanded.

Orders affirmed in part, reversed in part and the cause is remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.