MARQUITA WEBB, a Minor, by her Mother and Next Friend, Gloria Harris, Plaintiff-Appellant, v. JEWEL COMPANIES, INC., Defendant-Appellee (Charles Hiley, Defendant).

First District (5th Division) No. 85—0574

Opinion filed October 25, 1985.

James R. Epstein, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (Mayer Goldberg, James T. Ferrini, and Mary C. O'Connor, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the dismissal, for failure to state a cause of action, of the second amended count I[1] of a complaint filed on behalf of the minor plaintiff against defendants, Charles Hiley[2] and Jewel Companies, Inc. (Jewel), for damages because of injuries she suffered as a result of a sexual assault allegedly committed by Hiley while he was employed as a security guard for Jewel. The sole issue presented for review is the propriety of the dismissal.

In count I, as amended, plaintiff alleged in substance that she was a customer in a Jewel supermarket located in Chicago; that she had just purchased an item when Hiley, acting in his capacity as a security guard, stopped her and then led her to an enclosed office for the purpose of searching her; and that in the course of that search, he sexually molested her. The trial court granted Jewel's motion to dismiss count I with prejudice, and this appeal followed.

OPINION

■ Initially, we note that a motion to dismiss admits all well-pleaded facts (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538), and any reasonable inferences which could be drawn therefrom (*Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235), but not conclusions of fact or law unsupported by allegations of specific facts upon which such conclusions rest (*Bagel v. American Honda Motor Co.* (1985), 132 Ill. App. 3d 82, 477 N.E.2d 54; *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162); and although pleadings are to be liberally construed (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c); *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976), a complaint nevertheless must be dismissed if it fails (a) to "set forth a legally recognized claim as its avenue of recovery" or (b) "plead facts which bring the claim within the legally recognized cause of action alleged" (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009; *Tru-Link Fence Co. v. Reuben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745, 748, 432 N.E.2d 1188, 1191).

---

[1] Counts II, III and IV, variously charging defendants with negligence, wilful and wanton misconduct and false arrest, apparently remain pending in the trial court and are not at issue in this appeal.

[2] It does not appear from the record that Hiley participated in the proceedings below, nor is he a party to this appeal.

Plaintiff contends that the allegations in count I are sufficient to state a cause of action against Jewel on the theory of *respondeat superior*. It is Jewel's position, however, that count I is both legally and factually deficient and that dismissal was, therefore, proper.

■ Under the doctrine of *respondeat superior*, an employer may be liable for the negligent, wilful, malicious or even criminal acts of its employees when such acts are committed in the course of employment and in furtherance of the business of the employer; however, the employer is not liable to an injured third party where the acts complained of thereby were committed solely for the benefit of the employee. *Johanson v. William Johnston Printing Co.* (1914), 263 Ill. 236, 240, 140 N.E.2d 1046; *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162; *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 422 N.E.2d 925; *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235; *Hoover v. University of Chicago Hospitals* (1977), 51 Ill. App. 3d 263, 366 N.E.2d 925; *Bolwin v. El Kay Manufacturing Co.* (1975), 32 Ill. App. 3d 138, 336 N.E.2d 502.

In the instant case, plaintiff asserts that the trial court erred in ruling, as a matter of law, that Hiley was not acting within the scope of his employment, but rather acted solely for his own benefit in molesting her. Relying primarily on *Metzler v. Layton* (1939), 373 Ill. 88, 25 N.E.2d 60, *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162, and *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 422 N.E.2d 925, she argues that this was a question of fact which should have been left to a jury for determination. We disagree.

In *Metzler v. Layton* (1939), 373 Ill. 88, 25 N.E.2d 60, plaintiff filed an action against his employer and another employee—the office manager—when he was shot by the latter during a pursuit of three men who had, moments earlier, robbed the employer's loan office. Noting that the office manager had a duty to protect the employer's property and business; that in pursuing the robbers, he was acting in furtherance of the employer's interests—albeit his own as well since personal property was stolen from him; and that the entire incident occurred within a short space of time, the court refused to reverse the judgment for plaintiff, stating that the questions of whether the office manager was negligent and, if so, whether the employer was liable to plaintiff therefor were matters properly presented to the jury for resolution.

*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162, involved the dismissal of a complaint against the Kleisers and their son, William, for injuries received from an allegedly unprovoked assault by a person hired by William to act as a bouncer at a party he

hosted. The complaint alleged, *inter alia*, that the Kleisers were guilty of wilful and wanton misconduct in inviting more than 200 teenagers to a party at which alcohol was served. The *Gregor* court held that plaintiff's complaint failed to state a cause of action against the parents for wilful and wanton or any other tortious misconduct but that, although not intended, it sufficiently stated an action against William on the theory of *respondeat superior*. In so holding, the court observed that William had authorized and directed the tortfeasor to maintain discipline by physical force and that although not specifically alleged, it could reasonably be inferred that he was acting within the scope of those employment directives when he assaulted the plaintiff.[3]

Finally, in *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 422 N.E.2d 925, an action brought against the owner of a tavern and his employee—the bartender thereat—for injuries sustained by the plaintiff during a fight with the bartender, the court held that directed verdicts for the defendants were improper. Noting that verdicts should be directed only where the evidence, when viewed most favorably to the respondent, so overwhelmingly favors the movant that no contrary verdict could ever stand (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504), the *Sunseri* court held that the jury should have been allowed to resolve conflicts in testimony as to who initiated the fight and to determine whether, in forcibly ejecting and fighting with the plaintiff, the bartender was acting within the scope of his employment, and whether the tavern owner, who was present at the time of the incident, was negligent in failing to take some action to terminate the fight by either so directing the bartender or by personal intervention.

While we have no dispute with the application of the principles enunciated earlier to the circumstances presented in the cases cited by plaintiff, in our view, the facts before us are clearly more similar to those in *Hoover v. University of Chicago Hospitals* (1977), 51 Ill. App. 3d 263, 366 N.E.2d 925, and *Padilla v. d'Avis* (N.D. Ill. 1984), 580 F. Supp. 403, each of which was an action against an employer-hospital and an employee-doctor for damages resulting from sexual assaults upon the plaintiffs by the doctor during the course of physical examinations.

---

[3]The *Gregor* court also held that the complaint sufficiently stated a cause of action against William for negligence in knowingly hiring a person of extraordinary strength and with a reputation for physical violence. Count III of the complaint in the instant case, which contains analogous allegations concerning Jewel's negligence in hiring as a security guard a person previously arrested for a sex-related offense, is apparently still pending in the trial court.

In affirming the trial court's order dismissing, for failure to state a cause of action, that count of plaintiff's complaint against the hospital on the theory of *respondeat superior*, the *Hoover* court set forth the general rule regarding an employer's liability for the acts of its employees and then succinctly stated:

"In the instant case the intentional sexual assault alleged *** cannot be interpreted as an act in furtherance of the hospital's business. This alleged intentional act of the doctor was committed solely for the benefit of the doctor and the trial court correctly ordered [the count] dismissed." 51 Ill. App. 3d 263, 267, 366 N.E.2d 925, 929.

In *Padilla v. d'Avis* (N.D. Ill. 1984), 580 F. Supp 403, an action by two plaintiffs against the city of Chicago and a doctor employed at a health facility thereof, the court cited *Sunseri v. Puccia* for the general rule, but nevertheless held,

"Even with all factual inferences in plaintiffs' favor, neither Complaint contains any allegations that could show the sexual assault was 'actuated at least in part by a purpose to further the employer's business' (*Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 422 N.E.2d 925) That incurable disease is fatal to both plaintiffs' state law claims against the City." 580 F. Supp. 403, 409-10.

■ Plaintiff's attempt to distinguish *Hoover* and *Padilla* on the reasoning that "they both involved rapes which not only took far longer to commit than the fondling herein *** but also were far greater deviations from the scope of employment" is not persuasive. Although it is true that the *Hoover* complaint contained allegations of acts constituting rape as well as sexual molestation, the *Padilla* opinion did not specify the type of acts alleged or the length of time each instance spanned, referring to them only as "sexual assaults," a term which could be used to describe a number of types of behavior. Moreover, regardless of the degree of deviation from the scope of employment, the fact remains that the sexual molestation of a young girl by a security guard is nonetheless a deviation having no relation to the business of Jewel or the furtherance thereof. Thus, we find that the trial court properly dismissed the second amended count I of plaintiff's complaint for failing to state a cause of action.

■ As to the factual sufficiency of count I, we note Jewel's additional argument that the absence of any allegation therein as to the reason why Hiley detained plaintiff is tantamount to an allegation that he did so for no reason whatsoever and thus renders her charge that he acted within the scope of employment a factually unsupported

conclusion to be disregarded. However, in view of our holding that count I was legally deficient, we need not address this argument at length, and it will suffice to say that while count I does not specifically allege that Hiley initially detained plaintiff as a suspected shoplifter, that allegation does appear elsewhere in the complaint and, in fact, was addressed by the parties in memoranda they filed in support of and in opposition to the motion to dismiss. Applying the principles that pleadings are to be liberally construed (Ill. Rev. Stat. 1983, ch. 100, par. 2—603(c): *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976); that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet" (Ill. Rev. Stat. 1983, ch. 110, par. 2—612(b)); and that in ruling on a motion to dismiss, the complaint should be considered as a whole (*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162), we cannot say that the omission of that single allegation, standing alone, constituted a fatal defect warranting dismissal of the count.

For the reasons stated, the order dismissing the second amended count I of plaintiff's complaint is affirmed.

Affirmed.

PINCHAM and LORENZ, JJ., concur.