Herbert **GRAHAM**, Plaintiff,

v.

**Father Michael S. McGRATH, Roman Catholic Archdiocese of St. Louis, and Archbishop Raymond Burke, Defendants.**

No. 04–CV–0387–MJR.

United States District Court, S.D. Illinois.

March 24, 2005.

Jeffrey R. Anderson, Patrick W. Noaker, Jeff Anderson & Associates, St. Paul, MN, Kenneth M. Chackes, M. Susan Carlson, Chackes, Carlson, Et Al., St. Louis,

MO, Rebecca M. Randles, Randles & Mata, Kansas City, MO, for Plaintiff.

Edward M. Goldenhersh, Tina R. Carter, David P. Niemeier, Greensfelder, Hemker Et Al., St. Louis, MO, for Defendants.

### MEMORANDUM and ORDER

REAGAN, District Judge.

On June 7, 2004, Plaintiff Herbert Graham filed this action in this Court against Defendants Father Michael S. McGrath, the Roman Catholic Archdiocese of St. Louis (Archdiocese), and Archbishop Raymond Burke (Archbishop) alleging McGrath sexually abused Graham when Graham was a minor, and that the three Defendants knowingly covered up and concealed the sexual abuse (Doc. 1). Graham invokes this Court's subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332.

Now before the Court is the Archdiocese and Archbishop's motion to dismiss for lack of personal jurisdiction (Doc. 28) and memorandum in support (Doc. 29). Graham responded in opposition at Doc. 37 to which the Archdiocese and Archbishop replied at Doc. 38. The Court begins it analysis with a brief recitation of the relevant factual background and procedural history.[1]

### Factual Background and Procedural History

The Archidocese is a Missouri nonprofit unincorporated association that maintains its principal place of business in St. Louis, Missouri. The Archdiocese's authority is confined to the City of St. Louis and the Missouri counties within the Archdiocese: Franklin, Jefferson, Lincoln, Perry, St. Charles, St. Francois, Ste. Genevieve, St. Louis, Warren and Washington. The Archdiocese provides Roman Catholic reli-gious, charitable and education services to its Missouri counties. The Archdiocese has never conducted any business or other activities in Illinois, and does not presently maintain any office or own any property in Illinois. As well, the Archdiocese does not designate any agents for service of process in Illinois.

McGrath was a Roman Catholic priest for the Archdiocese at St. Simon's Church in Concord Village, Missouri during all time relevant to the claims herein. McGrath was also a priest at other parishes located within the Archdiocese: St. Ferdinand in Florissant, St. Patrick's in Wentzville, All Souls in Overland, Corpus Christi Church in Jennings, St. Catherine of Sienna in Pagedale, and St. Mary's in Bridgeton.

From 1983 to 1987, while he was a parishioner and student at St. Simon's, Graham claims McGrath sexually abused and exploited him when he was driving McGrath's van on and around highways and roads in this District, as well as other places. Graham alleges that the Archdiocese and Archbishop knew that McGrath had "dangerous propensities" and that he allowed minor children to drive the Archdiocese and Archbishop's vehicles. As such, Graham claims that McGrath was under the direct supervision, employ and control of the Archdiocese and Archbishop. In his complaint, Graham alleges numerous torts were committed against him by Defendants: breach of fiduciary duty, fiduciary fraud and conspiracy to commit fiduciary fraud, fraud and conspiracy to commit fraud, intentional infliction of emotional distress, negligence, vicarious liability, negligent supervision, retention, failure to warn, intentional failure to supervise, and negligent entrustment/negligence per se.

---

**1.** No one disputes this Court's personal juris-diction over McGrath.

*Analysis*

 A federal district court in Illinois has personal jurisdiction over a non-resident defendant in a diversity action only if an Illinois court would have such jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 779 (7th Cir.2003). The plaintiff bears the burden of providing sufficient facts to establish a prima facie case that personal jurisdiction exists. *Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.,* 15 F.3d 721, 724 (7th Cir.1994). However, the plaintiff's prima facie case may be overcome by uncontradicted evidence which defeats jurisdiction. *Alderson v. Southern Co.,* 321 Ill.App.3d 832, 254 Ill.Dec. 514, 747 N.E.2d 926, 938 (2001). While the Court resolves factual disputes in the pleadings and affidavits in favor of the plaintiff, it takes as true facts contained in the defendant's affidavit which remain unrefuted by the plaintiff. *Nelson v. Park Industries, Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983).

 Non-residents are subject to jurisdiction in Illinois if: (1) they fall under one of the provisions of the Illinois long-arm statute; and (2) due process would not be violated under either the United States Constitution or the Illinois Constitution. *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.,* 906 F.2d 276, 279 (7th Cir.1990).

Turning to the first step in the Court's analysis, to establish that the Archdiocese and Archbishop have the requisite minimum contacts with Illinois, Graham invokes Section 2–209(a)(2) of the Illinois Long Arm Statute by arguing that the Archdiocese and Archbishop committed a tortious act within Illinois. *See* 735 ILCS 5/2–209(a)(2). Specifically, Graham asserts the following in support of this argument: (1) The Archdiocese and Archbishop knew that McGrath had dangerous propensities and that he was an unfit agent;

(2) The Archdiocese and Archbishop knew that McGrath used the Archdiocese and Archbishop's vehicles; (3) The Archdiocese and Archbishop knew that McGrath allowed minor children to drive those vehicles; (4) McGrath was under the direct supervision, employ and control of the Archdiocese and Archbishop; (5) The Archdiocese and Archbishop had authority over McGrath while he was in Illinois; (6) McGrath was subject to his obligations and obedience to the Archdiocese and Archbishop while he was in Illinois; and (7) The Archdiocese and Archbishop had the responsibility to protect Graham from spiritual and moral harm in Illinois. In sum, Graham argues that the Archdiocese and Archbishop are within Illinois' personal jurisdiction on the basis of (1) their vicarious liability, and (2) their independent liability. Therefore, the question for this Court is whether the Archdiocese and Archbishop committed a tort, in whole or in part, within Illinois against Graham.

 First, Graham argues that the Archdiocese and the Archbishop are vicariously liable for McGrath's conduct so that they are subject to personal jurisdiction in Illinois. Under Illinois law, an employer is liable for the tortious conduct his employees if that employee was acting within the scope of his employment. *Randi F. v. High Ridge YMCA,* 170 Ill.App.3d 962, 120 Ill.Dec. 784, 524 N.E.2d 966, 968 (1988), *citing Webb v. Jewel Companies, Inc.,* 137 Ill.App.3d 1004, 92 Ill.Dec. 598, 485 N.E.2d 409, 411 (1985). The employee acts outside the scope of his employment if he is engaged in affairs of his own or in pursuing some purpose unrelated to his employer's business, acting as much outside the scope of his employment as he would be were his working day ended or his task complete. *Id.* As such, an employer is not liable for an employee's intentional or

criminal acts unless the employer either authorized or ratified the act. *Id.*

While not explicitly stated in his memorandum in opposition, but in his affidavits in support, Graham argues that McGrath was acting in the scope of his employment as McGrath is a priest 24 hours a day, seven days a week. However, this Court cannot see how engaging in sexual acts with minor boys is within the scope of McGrath's employment as a Catholic priest. The Court appreciates that the duties of a priest are not as definable as other professions. However, the basic duties are obvious: to represent the word of God, as embodied in the Scriptures; aid people in their relationship with God and the Church; and to help people find safety and security in the doctrines of Catholic theology. *See Tichenor v. Roman Catholic Church of the Archdiocese of New Orleans,* 32 F.3d 953, 959–60 (5th Cir.1994); *Maryland Cas. Co. v. Huger,* 728 S.W.2d 574, 582 (Mo.Ct.App.1987). This Court cannot imagine how McGrath can prevail in his argument that McGrath's alleged sexual pursuits were somehow related to his duties as a priest or that they in any way furthered the interests of the Archdiocese, his employer. Taking into consideration McGrath's vow of celibacy and the Catholic Church's stance of condemning homosexual relations, McGrath's actions "represent the paradigmatic pursuit of 'some purpose unrelated to his master's business'". *Id.* at 960, *citing Seedkem South, Inc. v. Lee,* 391 So.2d 990, 995 (Miss.1980).

■ Further, in Illinois, for an agent to submit his principal to the jurisdiction of Illinois, the agent must have the express or implied authority of the principal to perform the acts which give rise to the submission to the jurisdiction. *Petty v. Cadwallader,* 135 Ill.App.3d 695, 90 Ill. Dec. 518, 482 N.E.2d 225, 229 (1985). And Illinois courts have consistently held that

sexual misconduct of employees is outside the express or implied authority of their employment, relieving the employer of any liability under the doctrine of respondeat superior. *See Hoover v. University of Chicago Hosps.,* 51 Ill.App.3d 263, 9 Ill. Dec. 414, 366 N.E.2d 925, 928–29 (1977)(stating that an employee physician who sexually assaulted a patient could not be found to be acting within the scope of his employment); *Stern v. Ritz Carlton Chicago,* 299 Ill.App.3d 674, 234 Ill.Dec. 28, 702 N.E.2d 194, 196–99 (1998)(finding that the sexual assault of a hotel guest by an employee during the course of a massage could not be interpreted as an act in furtherance of the business interests of the hotel); *Deloney v. Board of Educ. of Thornton Township,* 281 Ill.App.3d 775, 217 Ill.Dec. 123, 666 N.E.2d 792, 799 (1996)(stating that former employee's alleged actions in sexually assaulting a high school student were outside scope of his employment); *Randi F. v. High Ridge YMCA,* 170 Ill.App.3d 962, 120 Ill.Dec. 784, 524 N.E.2d 966, 970–71 (1988)(holding that the sexual molestation of a child by a day care teacher was a deviation from the scope of employment and had no relation to the business of day-care center). Moreover, the United States Court of Appeals for the Seventh Circuit has specifically stated that sexual misconduct by a member of the clergy is, by the weight of authority, beyond the scope of employment of the cleric. *Dausch v. Rykse,* 52 F.3d 1425, 1436 (7th Cir.1994). *See also Mt. Zion State Bank & Trust v. Central Illinois Annual Conf. of the United Methodist Church,* 198 Ill.App.3d 881, 145 Ill.Dec. 368, 556 N.E.2d 1270, 1275–76 (1990)(finding sexual abuse or molestation to be beyond the scope of a pastor's duties).

There is nothing in the record before the Court to find that McGrath had the express or implied authority to commit the alleged acts of sexual misconduct against Graham. For instance, there are no alle-

gations that McGrath was previously convicted of sexual illegal conduct and that the Archdiocese and the Archbishop had knowledge of such, and continued to allow McGrath to serve as a priest. *Cf. The Archdiocese of Milwaukee v. Superior Court of Orange County,* 112 Cal.App.4th 423, 5 Cal.Rptr.3d 154 (2003)(where the California court found it had personal jurisdiction over the Archdiocese of Milwaukee as it sent a priest it knew was convicted of sexual perversion with a minor to a diocese in California where the priest allegedly sexually assaulted the plaintiff). As such, the argument that the Archdiocese and the Archbishop fall under the Illinois Long–Arm Statute by being vicariously liable for committing a tort in Illinois fails. *Cf. Pecoraro v. Sky Ranch for Boys, Inc.,* 340 F.3d 558 (8th Cir.2003)(finding no personal jurisdiction over diocese in South Dakota in matter where victim of alleged sexual abuse by priest brought action in Nebraska against the South Dakota diocese claiming they were vicariously liable for abuse).

■■■■ The Court next turns to the argument that the Archdiocese and the Archbishop could be independently liable, *i.e.* negligent supervision. However, in Illinois, one does not owe a duty to protect another from criminal acts of third parties unless the plaintiff and defendant are in one of a very limited number of special relationships, set forth in Section 314A of the Restatement, Restatement (Second) of Torts § 314A (1965), as follows: common carrier-passenger, innkeeper-guest, possessor of land-invitee, and custodian-person in lawful custody. *Rowe v. State Bank,* 125 Ill.2d 203, 126 Ill.Dec. 519, 531 N.E.2d 1358 (1998). None of these special relationships existed between Graham and the Archdiocese and the Archbishop. As such, Graham has failed to demonstrate how the Archdiocese and the Archbishop's individual liability invokes this Court's personal jurisdiction over them. *Cf. Tichenor,*

32 F.3d 953 (5th Cir.1994)(finding that Mississippi lacked personal jurisdiction over the Archdiocese of New Orleans where plaintiff alleged he was sexually abused in Mississippi by a priest in the Archdiocese of New Orleans); *Doe v. Roman Catholic Diocese of Boise, Inc.,* 121 N.M. 738, 918 P.2d 17 (N.M.Ct.App. 1996)(the Court of Appeals of New Mexico declined to exercise personal jurisdiction over the nonresident Boise Diocese, where the Boise Diocese gave a priest permission to leave Idaho to find an assignment in another diocese and the priest selected New Mexico where he allegedly sexually abused the plaintiff, as there was no evidence that the Boise Diocese played any role in the priest's decision to go to New Mexico). As a result, the Court finds that Graham has not met his burden of demonstrating that the Archdiocese and Archbishop come within the Illinois Long–Arm Statute for this Court to assert personal jurisdiction over them.

As the Court finds that Graham has failed to meet his burden of establishing that Illinois' Long–Arm statute applies to the Archdiocese and the Archbishop, the Court need not turn to the second step of due process analysis.

### Conclusion

As the Court finds that it lacks personal jurisdiction over Defendants the Archdiocese of St. Louis and Archbishop Raymond L. Burke, the Court hereby **GRANTS** Defendants the Archdiocese of St. Louis and Archbishop Raymond L. Burke's motion to dismiss (Doc. 28). Accordingly, the Court **DISMISSES** for lack of personal jurisdiction Defendants the Archdiocese of St. Louis and Archbishop Raymond L. Burke.

**IT IS SO ORDERED.**