**James P. Stanton, Plaintiff-Appellant, v. Donald L. Johnson, Defendant-Appellee, and Ronald H. Coleman, Defendant.**

**Gen. No. 53,405.**

First District.

June 26, 1970.

Reidy, Gross and Dee, and Jurco, Damisch and Sinson, of Chicago (James R. Mitchell and Loretta C. Didzerekis, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

The plaintiff, James P. Stanton, filed an action for personal injuries arising out of a collision on the Tri-State Tollway in July of 1965. Donald L. Johnson was named a defendant in a count charging willful and wanton conduct and another defendant, Ronald H. Coleman, was named in an ordinary negligence count. The trial court, on motion of Johnson, entered summary judgment for him and this appeal is from the final judgment thus entered. The action below against Coleman is not affected by this appeal. No findings of fact or conclusions of law were made by the trial court.

The facts and circumstances surrounding the plaintiff's injuries are ascertainable from the pleadings, the affidavits in support of the motion for summary judgment and certain discovery depositions made a part of the record in support of the motion.

Plaintiff and defendant Johnson are both residents of the State of Indiana. Both were employed by an Indiana corporation, Quality Builders, Inc., of which Johnson is secretary-treasurer and foreman of a construction crew which included Stanton and other employees. Quality Builders undertook to construct some poultry houses for Hawthorne Melody Farms at or near Libertyville, Illinois. Both the plaintiff and Johnson, together with three other employees of Quality Builders, were engaged in the construction work on these poultry houses and all of this group of employees traveled from Indiana to

Illinois in a van driven by the defendant, starting out on a Sunday afternoon, arriving at the Libertyville destination early that evening, and beginning work on a Monday. All of the employees stayed at a motel near Libertyville until the following Friday and then would return home. The van, owned by the defendant Johnson and his wife, was equipped with only two seats in front and the other three passengers would ride sitting in lawn chairs or on tool boxes in the back of the van.

On the occasion of the injury the employees had worked on Friday, then had gone to the motel to clean up and check out, and during the work and at the motel they had consumed some beer. They then started the trip back to Shelbyville, Indiana. While on the Tri-State Tollway, at a point near Hinsdale, the defendant Johnson lost control of the vehicle, swerved across the grass median strip dividing the north and southbound lanes, and collided head-on with the car driven by the defendant Coleman, which was traveling in a northerly direction. Plaintiff, who was in the back of the van, was thrown from the rear of the van onto its motor and suffered severe injuries to his spinal cord and was permanently paralyzed.

The gasoline, oil and maintenance of the vehicle driven by Johnson were paid for by Quality Builders and the record rather clearly establishes that it was at least understood by the employees and Johnson that he (Johnson) furnish transportation to the employees in connection with the necessary trips to Libertyville, Illinois.

Following the injury, the plaintiff applied for Workmen's Compensation benefits with the Industrial Board of Indiana and ultimately entered into an agreement with the insurance carrier for Quality Builders, Inc., to accept certain specified benefits in the nature of disability payments and medical expenses. This agreement was approved by the Industrial Board of Indiana in August of 1965 and the record establishes that the plaintiff

has received and accepted some $28,000 pursuant to this agreement.

The motion for summary judgment also establishes that the plaintiff has also filed a claim in Illinois with the Industrial Commission, seeking benefits under the applicable Illinois act, and in that application for adjustment of claim alleged that he was an employee of Quality Builders at the time of the occurrence. The disposition of that claim is not established.

The motion for summary judgment asserted that both the plaintiff and the defendant were employees of Quality Builders and that at the time of the accident Johnson was acting in behalf of Quality Builders in transporting employees from the jobsite to their respective homes, and that the exclusive remedy provisions of both the Illinois and Indiana laws applicable to Workmen's Compensation operate to bar this common-law remedy.

The trial court necessarily so held when it allowed the motion for summary judgment.

Section 5 of the Illinois Workmen's Compensation Act (Ill Rev Stats 1965, c 48, par 138.5), so far as is relevant, provides:

> ". . . (a) No common law or statutory right to recover damages from the employer or his employees for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, . . . to any one wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury." (Footnote omitted.)

The Indiana act provides in relevant part as follows:

> ". . . 40–1206—Rights and remedies of employee under this act exclusive. The rights and remedies

117

herein granted to an employee subject to this act . . . on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death."

Both the Illinois and Indiana statutes have, in addition, provisions the effect of which is to exclude from automatic coverage employment or operations done, had or conducted by farmers and others engaged in farming.

We turn first to the question of the extraterritorial application of the exclusive remedy provision of the Indiana Workmen's Compensation Act. We have not found, nor have counsel cited, any Indiana decisions specifically on this point. However, we are referred in the brief to Small's work on the Workmen's Compensation Law of Indiana (1950), p 37, where the text makes the assertion that the Indiana act was not intended to have effect in other states. In making this assertion, after discussing certain cases, this work, as quoted in the brief, states:

"Indiana's exclusive remedy provision is found in Section 6 (Burns, . . . [sec] 40–1206, making the compensation remedy exclude 'all other rights and remedies . . . at common law or otherwise.)' To date, this section has never been considered by the Indiana courts in an extra-territorial connection. However, the fact that it has been repeatedly held to exclude other Indiana remedies at common law, under the wrongful death statute, and under the Employers' Liability Act would make it appear clearly that it was intended to affect only Indiana remedies."

In Witherspoon v. Salm, 237 NE2d 116, revd, 243 NE2d 876, the Indiana Appellate and Supreme Courts give

118

some indication that the exclusive remedy provision may have some extraterritorial effect. Nevertheless, in the context of the facts in Witherspoon, the specific holding was that the Indiana statute would bar an action in Indiana where the situs of the injury was in Kentucky.

In Gilpin v. Lev, 70 Ill App2d 66, 217 NE2d 477, (1st Dist 1966), the court held that an exclusive remedy provision of the Kentucky Workmen's Compensation Act would not be interpreted as a matter of law to take away common-law rights of the plaintiff but proceeded to observe that the application of the Kentucky act to the facts in that case was a question of fact.

In Cole v. Industrial Commission, 353 Ill 415, 187 NE 520, 90 ALR 116 (1933), our Supreme Court held that the exclusive remedy provision of the Indiana law to which the employer and employee were subject was operative to preclude an application for compensation under the Illinois act when the injury occurred in Illinois. The court, in Cole, was speaking of an action between the employer and the employee and relied upon the case of Bradford Elec. Light Co. v. Clapper, 286 US 145. The appellant argues here that the holding in Bradford has, in effect, been overruled by the case of Carroll v. Lanza, 349 US 408, 99 L Ed 1183, 75 S Ct 804 (1955). Our Supreme Court in McClain Dray Lines v. Industrial Commission (appeal of Long), 41 Ill2d 554, 244 NE2d 169 (1969), expressly found it unnecessary to reexamine the holding in Cole and observed (at 558 (244 NE2d at 171)):

"... To be specific, we consider it to be unnecessary to judge whether this court's judgment in Cole has been invalidated by the Supreme Court's decisions in Pacific Employers Insurance Co. v. Industrial Accident Com. (1939), 306 US 493, 83 L Ed 940, 59 S Ct 629; Carroll v. Lanza (1955), 349

119

US 408, 99 L Ed 1183, 75 S Ct 804. See also, Industrial Com. [of Wisconsin] v. McCartin (1947), 330 US 622, 627, 628, 91 L Ed 1140, 1143, 1144 [67 S Ct 886]."

In the McClain case, however, the court held that the Illinois Workmen's Compensation Act would not be applicable to a claim by an Indiana resident against an Indiana employer for injuries sustained in Illinois where the employee's Illinois contact was merely transitory. The court did not predicate its holding upon the application of the exclusive remedy provision of the Indiana act.

As we have observed, the issue here is somewhat different from the issue in Cole and the specific holding in Cole was that the Indiana exclusive remedy provision would bar an employee from access to the Workmen's Compensation remedy in Illinois against his employer.

██ In Cole, however, the court placed less emphasis on the extraterritorial effect of the Indiana statute than upon "The mere recognition by the courts of one State that parties by their conduct have subjected themselves to certain obligations arising under the law of another State . . . ." (353 Ill at 419.) Thus, we view the Cole case as requiring this court to give recognition to the fact that the parties have subjected themselves to the Indiana act, that they have accepted either the benefits or burdens of that act, and in the context of this observation we note that both the Illinois and Indiana acts, as quoted, preclude an injury action as against a coemployee when the injury arises out of and in the course of the employment and when compensation is available therefor under the act.

██ ██ As to the assertion that neither the Indiana nor the Illinois act can be applicable to the facts of this case by reason of the agricultural exemption, we note

120

that the award in Indiana must necessarily have been predicated upon the finding, explicit or implicit, that the agricultural exemption was not applicable. Further, the case of Heffner v. White, 113 Ind App 296, 45 NE2d 342 (1942), clearly establishes that a construction worker who comes on a farm for purposes of performing his construction work does not thereby become a farm worker.

■ We next turn to the issue of the applicability of the Illinois act. In this context we note the filing of an application for adjustment of claim in Illinois but no further proceedings here. In Arnold v. Industrial Commission, 21 Ill2d 57, 171 NE2d 26 (1961), the court held that an Alabama resident who suffered an injury while driving a truck in Illinois for his employer whose place of business was in Alabama and where no contract of employment was made in Illinois, could not proceed under the Illinois Workmen's Compensation Act. That holding was specifically reiterated in the McClain Dray Lines case. As we view this record, there has been no determination of the applicability of the Illinois act to this fact situation either in the circuit court or before the Industrial Commission. In view of our interpretation of the holding in Cole, furthermore, such inquiry here would be academic. The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.