Russell Awe, Plaintiff-Appellant, v. Robert Striker, William Lessley, Al Kunz, Doing Business As Century 21 Shows, and Logan County Fair Association, a Corporation Organized Not for Pecuniary Profit, Under the Laws of the State of Illinois, Defendants-Appellees.

**Gen. No. 11,142.**

Fourth District.

October 26, 1970.

Rehearing denied November 16, 1970.

Daniel W. Handlin and Thomas F. Walsh, of Lincoln, for appellant.

Harris & Harris, of Lincoln, and McConnell, Kennedy, McConnell and Morris, of Peoria, for appellees.

CLARK, J.

Plaintiff filed a three-count suit to recover for personal injuries sustained from an assault and battery committed by the defendants, Striker and Lessley, which resulted in serious injuries and hospitalization. The first count was against the two personal defendants, the second count was against the defendant, Al Kunz, doing business as Century 21 Shows, and the third count was

against Logan County Fair Association, the owner and operator of the fair. The trial court dismissed the second amended complaint in Count II and the second amended complaint in Count III for failure to state a cause of action and entered an appropriate judgment in bar against the plaintiff and in favor of the defendants, Al Kunz and Logan County Fair Association. The plaintiff appeals.

The individual defendants were apparently operating what is commonly referred to as a "bottle game" at the Logan County Fair, as employees of the defendant, Al Kunz. The midway at the fairgounds had been rented by Kunz from the Logan County Fair Association. Plaintiff and his brother had played the bottle game after paying the necessary price and as is so frequently the case, were unhappy with the results. Apparently, as they turned away from this particular concession, plaintiff stated that the game was crooked and they ought to notify the sheriff. At this point, the individual defendants hollered "Hey, Rube," the universal distress call of the carnival industry, and jumped upon the plaintiff with fists and a hammer breaking his leg in two places. Hospitalization resulted.

Even though a motion to dismiss a complaint admits all facts well pleaded in the complaint, the indispensable requirement of a complaint is that the allegations state a cause of action. McGill v. 830 South Michigan Hotel, 68 Ill App2d 351, 216 NE2d 273. Obviously, this rule also applies to facts appropriately alleged which would defeat a cause of action. While it may be properly stated that neither Count II against Kunz nor Count III against the Logan County Fair Association properly establish facts proving a master and servant relationship of either with the two individual defendants, we do not deem it necessary to either discuss or determine this issue. For our purposes, we assume without

deciding that the master-servant relationship exists. Under such circumstances, an employer is liable to a third person on whom an assault and battery is wrongfully committed by his employee while acting within the scope and course of his employment. ILP, Employment, § 254. "In order to render the employer liable, it is necessary that the tort-feasor was an employee, that such relationship existed at the time of the injury, and that such relationship existed with respect to the particular transaction from which the tort arose." ILP, Employment, § 254; Shannessy v. Walgreen Co., 324 Ill App 590, 59 NE2d 330. An element of controlling significance in determining whether or not an assault was committed by a servant while acting within the scope of his employment is whether the business dealings of a master has been completed by the servant or the parties. "The argument made is that if the master's business has been terminated, an assault made at such time is ipso facto one made as a result of some matter disconnected with a master's business, and thus cannot be said to be in pursuance of the master's interests or in the course or scope of the employment." 34 ALR2d, p 436. A fair reading of the two counts of the complaint we consider suggests that the transactions leading to the injury were transactions taking place after the plaintiff and his brother had terminated their questionable enjoyment of the bottle game. In Hodson v. Great Atlantic & Pacific Tea Co., 66 F Supp 514 (DC Mo 1946), where an employee committed an assault upon an intoxicated customer who had left the store without giving sufficient ration coupons and without fully paying for the goods, and the store manager had recovered the food items and returned the money and the customer returned to the store and directed verbal abuse at the manager, it was held that the assault by the manager was not in connection with the employer's business, but after its termination, and was

an attempt to avenge a personal insult, and hence the employer was not liable. To the same effect is Wells v. Robinson Bros. Motor Co., 153 Miss 451, 121 So 141 (1929) ; Johanson v. Pioneer Fuel Co., 72 Minn 405, 75 NW 719 (1898) ; Greathouse v. Texas Public Utilities Corp. (Tex Civ App), 217 SW2d 190 (1948). It is believed that the authorities in this state are to like effect. In Klugman v. Sanitary Laundry Co., 141 Ill App 422, the court considered the sufficiency of the complaint which sought to allege a master-servant relationship. In that complaint, plaintiff alleged that the defendant company operated a laundry and that the defendant's driver beat up the plaintiff in person. In commenting upon these allegations, the court stated that they are equally consistent with a charge that the servant beat the plaintiff because he had a quarrel with her and that he was not doing or attempting to do any acts in the prosecution of the business of his employer when he made the assault. Klugman is cited in Shein v. John R. Thompson Co., 225 Ill App 490, with appproval. In Shein, the cause of action was brought against the owner of a lunchroom by a patron for an assault upon the plaintiff alleged to have been committed by a servant of the defendant. The complaint stated that a servant had served the plaintiff when he entered the lunchroom and that while the plaintiff was seated, one of the defendant's servants threw a plate or dish and struck the plaintiff. At page 495 of its opinion, the court stated: "Much less can it be inferred, we think, from these allegations that the particular servant who threw the dish was acting within the scope of his authority or about his master's business when he threw it." Outside of the scope of his employment, the servant is as much a stranger to his master as any third person and acts done outside the scope of his employment or after the services for which he was employed have been terminated, the ser-

vant then is on his own. Johanson v. William Johnston Printing Co., 263 Ill 236, 104 NE 1046.

Applying these propositions to the complaint at bar, it is quite clear that either the plaintiff or his brother made the observation that the bottle game was crooked. Quite obviously, this observation was made after both of them had played the game and indeed in Count I of the complaint, it is so alleged. Count I of the complaint is before us and a part of this record, for the very simple reason that a part of its paragraphs is incorporated by reference into both Counts II and III. Thus, it seems apparent and indeed in Count III it is stated that the individual defendants acted without any warning or sufficient excuse "except to prevent the Awes from reporting said game to the sheriff." The bottle game was over. Awe had played it and was ready to depart. There was nothing for the individual defendants to do in the furtherance of their employment. They had performed the services for which they were hired. Thus, the complaint itself contains within its own four corners allegations of facts that defeat a cause of action. It would serve no useful purpose to discuss the cases where an assault and battery was committed while the employee was still engaged in the project for which he was employed or was protecting his employer's property. The statement by Awe to his brother that the bottle game was crooked and the sheriff should be notified, followed by the willful and malicious attack and the ultimate injuries, were transactions between the plaintiff and the two individual defendants which were well outside the scope of, and not in the furtherance of their employment. At the time of the assault, there are no facts alleged establishing a duty of either defendant to the plaintiff. It is not our province to speculate whether facts existed upon which a duty of either or both defendants to the plaintiff could havs been alleged or mold-

ed. Suffice it to say, the facts here stated establish no duty after the game had terminated.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.