WILLIAM E. KLINEFELTER, JR., Plaintiff-Appellant, *v.* S. J. GROVES & SONS COMPANY *et al.,* Defendants-Appellees.

(No. 71—202;

Third District—December 15, 1972.

Louis Olivero, of Peru, for appellant.

Anthony C. Raccuglia, of La Salle, and Nelson, Weinstine & Kilgus, of Morrison, (Raymond Rose, of counsel,) for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an action seeking damages for personal injury and property damage commenced by Plaintiff, William Klinefelter, Jr., against Defendants, S. J. Groves and Sons Co., Strunk Brothers Asphalt Co. and H. W. Lochner, A. Corp., in the Circuit Court of Bureau County. The trial court granted defendants' motions to dismiss the complaint for failure to state a cause of action and this appeal follows.

In five counts the complaint alleges that defendants Groves and Strunk entered into a contract with the State of Illinois to construct and defendant Lochner entered into a contract with the State of Illinois to design a highway known as Interstate 80 through Bureau County, Illinois and all the frontage roads necessary and adjacent thereto. That defendants did design and construct a frontage road near Tiskilwa, Illinois. At one point, the frontage road crossed a ravine and necessitated a seventy foot earth fill. The complaint further alleged that on August 23, 1968, at approximately 8:15 P.M., plaintiff owned and operated a motor vehicle which he was driving along the frontage road, when a deer struck his automobile, and, as a direct and proximate result thereof, plunged him over the side and down into the ravine.

All defendants filed motions to dismiss the complaint alleging as the principal grounds therefore, that the complaint failed to state a cause of action against the defendants in that defendants' negligence was not the proximate cause of the occurrence. Cause was dismissed as to all defendants.

In substance the various counts of the complaint alleged improper conduct of the defendant contractors and the defendant designer which misconduct related to designing and constructing a frontage road too narrow without guard rails and permitting use thereof without warnings prior to completition. In seeking to reverse the action of the trial court plaintiff argues the complaint does state a cause of action and in particular amply alleges misconduct of the defendants causing his injury.

■■ A motion to dismiss a complaint admits all facts well pleaded and the reasonable inferences and intendments therefrom but does not admit conclusions of the pleader. (*Sundin v. Hughes*, 107 Ill.App.2d 195, 246

N.E.2d 100.) The allegation of facts so admitted must nevertheless state a cause of action. (*Awe v. Striker*, 129 Ill.App.2d 478, 263 N.E.2d 345.) Thus the mere allegation that a defendant's negligence caused an injury is a conclusion of the pleader and must be supported by factual allegations describing duty, relationship and conduct upon which the conclusion is based.

■■ In the instant case the complaint alleges plaintiff's travel in his automobile on the frontage road, the collision between the motor vehicle and a deer, the motor vehicle's descent into a ravine and the design, maintenance and construction of the frontage road as negligent conduct of defendants proximately causing plaintiff's injury. For the purpose of determining the sufficiency of the complaint the motion not only admits the conduct, construction and design of the road facility by the defendants but also admits as a fact that plaintiff's motor vehicle collided with a deer. Thus the sufficiency of the allegations to show a duty or a breach thereof proximately causing the injury depends not merely on the allegation that the defendants' negligence proximately caused the injury but also whether such conduct could be so viewed where plaintiff's motor vehicle collided with a deer.

■■ Whether defendants breached any duty toward plaintiff depends on whether or not they were under any duty to foresee or anticipate that the conduct of a wild deer might intervene or that the conduct of a wild deer was sufficiently foreseeable that the defendants were under a duty in the construction and design of the highway to guard against such conduct. (*Neering v. Illinois Central R.R. Co.*, 383 Ill. 366, 50 N.E.2d 497.) No case has been called to our attention in which a designer, constructor or highway maintainer was under any duty to foresee the presence of wild animals on the highway or to warn of the presence of such animals and we conclude that the intervening conduct or presence of a wild deer is not reasonably foreseeable.

Plaintiff has relied principally on the cases of *Blue v. St. Clair Country Club*, 7 Ill.2d 359, 131 N.E.2d 31; *O'Brien v. Musfeldt*, 354 Ill.App. 12, 102 N.E.2d 173, and *Johnson v. City of Rockford*, 35 Ill.App.2d 107, 182 N.E.2d 240. The principal similarity between the instant case and *O'Brien v. Musfeldt* is that a highway is under construction or repair. Otherwise the case is substantially different. In *O'Brien* the defendant failed to warn motorists entering upon a highway which ordinarily had two lanes for south bound traffic that because of repair one of the lanes was being used by north bound traffic. The duty of the defendant to foresee and warn against the presence of north bound cars in a south bound lane is substantially different than any duty to anticipate and warn against the presence of a deer. Nor do we see any controlling

similarity between this case and *Blue v. St. Clair Country Club,* where the court held that the possible force and effect of wind upon a table umbrella might be deemed foreseeable. In *Johnson v. City of Rockford,* the defendant piled snow and ice on the sidewalk next to his filling station rendering the sidewalk impassible to pedestrians and thereby forced the plaintiff to walk in the street where he was struck by a motor vehicle. Nothing in the case at bar in the conduct of the defendants caused the plaintiff to depart from or leave the frontage road.

Finding no error in the judgment of the Circuit Court of Bureau County the judgment of the Court is affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.