RUSSELL VANSICKLE, Plaintiff-Appellant, *v.* GLEN SUMMERS, d/b/a SUMMERS ROOFING AND SIDING COMPANY, Defendant-Appellee—(G. E. Foreman, Defendant.)

(No. 11827;

Fourth District—November 21, 1973.

S. John Muller, of Muller & Komada, of Charleston, for appellant.

Nolan K. Sims, of Sims and Grabb, of Mattoon, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from the circuit court of Coles County dismissing the plaintiff's suit against his employer with prejudice and entering a judgment in bar on the ground that his suit did not state a cause of action. The basic pith of the holding is that since the plaintiff-employee was covered by the Workmen's Compenation Act (Ill. Rev. Stat. 1969, ch. 48, par. 133.1 *et seq.*), he had no recovery against his employer under the statute commonly referred to as the Structural Work Act. (Ill. Rev. Stat. 1969, ch. 48, par. 60 *et seq.*) We agree that the plaintiff is covered by the Workmen's Compensation Act, both legally and factually.

In his complaint the plaintiff alleges that "* * * at said time and place plaintiff was employed as a carpenter by defendant, Glen Summers d/b/a Summers Roofing and Siding Company, the siding contractor engaged in the application of siding to said structure". The defendant Summers admitted this portion of the answer and when he subsequently withdrew the answer by leave of court and filed a motion to dismiss, he admitted all of the facts well pleaded in the complaint. (*Awe v. Striker*, 129 Ill.App.2d 478, 263 N.E.2d 345.) The facts thus stated are undisputed.

The complaint further alleged that the defendant, G. E. Foreman, was the owner of a residence or other structure upon which the siding was being placed and that it was located on a 120-acre tract at R.R. 3, Charleston, Illinois. The defendant Foreman filed a motion for summary judgment as to his liability and attached thereto an affidavit indicating that he in no way controlled, employed or directed the plaintiff in the work that he was doing. This motion for summary judgment was allowed and there was no appeal from it.

This record abundantly establishes that the plaintiff was employed by the defendant Summer as a carpenter and when injured was within the precise terms of Ill. Rev. Stat. 1969, ch. 48, par. 138.3. This statutory provision makes an occupation extra hazardous within the meaning of the Act when the employee is engaged in "the erection, maintaining, removing, remodeling, altering or demolishing of any structure". Thus, at this point, we can safely say that the plaintiff-employee was employed in an extra hazardous occupation and had a claim under the Workmen's Compensation Act, unless otherwise exempted.

The plaintiff asserts that he is exempt from the provisions of the Workmen's Compensation Act by virtue of its provisions. Section 3(15) of the Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.3(15)), so far as applicable states: "Nothing contained in this Act shall be construed to apply to any work, employment or operations done * * * or to any work done on a farm or country place, no matter what kind of work or ser-

vice is being done or rendered." In his answer to the defendant's motion to dismiss and in support of his position that he was exempt from the provisions of the Workmen's Compensation Act, the plaintiff filed an affidavit that "he had been told and believes that said premises are owned by G. E. Foreman, defendant, and that G. E. Foreman engages in farming operations on said land." This statement is hearsay personified and it adds nothing to the allegation in the complaint that "the structure to which siding was being applied is located at United States Mail Route 3, Charleston, Illinois, legally described as (legal description omitted) containing 120 acres more or less".

In *Stanton v. Johnson*, 127 Ill.App.2d 114, 262 N.E.2d 162, our court discussed the question obliquely of whether or not the agricultural exemption provision of either the Illinois or Indiana workmen's compensation acts applies to a construction worker who comes on a farm for the purpose of performing his construction work. In so doing, we approved the proposition that such circumstances did not thereby convert a construction worker into a farm worker. In like manner, the affidavit filed by the plaintiff is hearsay and being hearsay does not as a matter of law establish that the property here in question was a "farm or country place". Both of these facts being present, the Workmen's Compensation Act applies. The record fails to establish facts upon which the agricultural exemption can operate.

Under these circumstances, section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.5(a)) states: "No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury". This statute as well as the case law clearly establishes that a complaint based on the Structural Work Act where the Workmen's Compensation Act applies is without foundation in law or fact. (*Duley v. Caterpillar Tractor Co.*, 44 Ill.2d 15, 253 N.E.2d 373; *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.*, 22 Ill.2d 305, 175 N.E.2d 785.) In *Gannon*, it was clearly stated that the Workmen's Compensation Act makes it the exclusive remedy against the employer in an extra hazardous occupation. At page 321, the court stated: "It is not the province of this court to distort the

Scaffold Act in order to insure double remedy, and authorize by indirection what the Workmen's Compensation Act prohibits by a direct action (Citation.)"

■■ Plaintiff urges that the trial court abused its discretion in permitting the defendant to withdraw his answer and file a motion to dismiss after it was too late to file under the Workmen's Compensation Act. If, as a matter of law, the plaintiff fails to state a cause of action, this question may be raised at any time by any means and even on appeal. (*Psyhogios v. Village of Skokie*, 4 Ill.App.3d 186, 280 N.E.2d 552.) There is no abuse of discretion or prejudice where the facts alleged show no cause of action upon which a judgment could find a foundation.

■■ Accordingly, we conclude that the trial court's action in dismissing this complaint was proper and it should be and it is hereby affirmed.

Affirmed.

CRAVEN, P. J., and TRAPP, J., concur.