NEAL L. RUBIN, Plaintiff-Appellant, v. YELLOW CAB COMPANY *et al.*, Defendants (Yellow Cab Company, Defendant-Appellee).

First District (5th Division)   No. 85—2124

Opinion filed March 27, 1987.

Bruce M. Briedman and Melbourne A. Noel, Jr., both of Laser, Schostock, Kolman & Frank, of Chicago, for appellant.

Jesmer & Harris, of Chicago (Allen L. Wiederer, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed a nine-count complaint against defendants after suffering an alleged battery in the hands of defendant cab driver. The trial court dismissed counts VII, VIII, and IX of plaintiff's fourth amended complaint for failure to state a cause of action against defendant cab company. On appeal, plaintiff argues that the trial court's dismissal was improper as (1) count IX alleged sufficient facts to render defendant cab company vicariously liable for battery under a theory of *respondeat superior*, and (2) counts VII and VIII each stated a cause of action for negligent or wilful and wanton supervision.

We affirm.

Plaintiff was driving on one of the city's streets when he inadvertently obstructed the path of a taxi, causing the latter to swerve and come into contact with plaintiff's vehicle. Angered by plaintiff's sudden blocking of his traffic lane, defendant driver proceeded to exit his cab, approach plaintiff, and strike him about the head and shoulder with a metal pipe.

Plaintiff subsequently filed suit against Robert C. Ball (Ball), the cab driver, and Yellow Cab Company (Yellow Cab), the owner of the taxi, to recover damages for bodily injuries sustained as a result of the altercation. On defendant Yellow Cab's motion, the trial court dismissed seven of nine counts included in plaintiff's fourth amended complaint for failure to state a cause of action. Counts VII, VIII, and IX charged Yellow Cab with vicarious liability for battery and with negligent and/or wilful and wanton failure to supervise and inspect. This appeal concerns only the sufficiency of these three counts as they pertain to defendant Yellow Cab.

OPINION

■■ ■ We initially consider whether the subject complaint states a cause of action under the doctrine of *respondeat superior*.

It is well established that an employer may be held liable for the negligent, wilful, malicious, or criminal acts of its employees where such acts are committed in the course of employment and in furtherance of the business of the employer. (*Webb v. Jewel Cos.* (1985), 137 Ill. App. 3d 1004, 485 N.E.2d 409.) However, where the acts complained of are committed solely for the benefit of the employee, the employer will not be held liable to an injured third party. See *Awe v. Striker* (1970), 129 Ill. App. 2d 478, 263 N.E.2d 345.

Plaintiff in the instant case maintains that his fourth amended complaint alleges sufficient facts to show that Ball committed the battery within the course and scope of his duties as a cab driver. According to plaintiff, Ball's acts were designed to further the business purposes of Yellow Cab by virtue of the fact that they: (1) fulfilled his obligation to investigate and report any accidents damaging property owned by Yellow Cab; (2) were performed pursuant to his obligation to protect property owned by Yellow Cab; and (3) were meant to prevent plaintiff and others from delaying his progress to obtain fares. We disagree.

First, the complaint in question contains no allegation that plaintiff was interfering with Ball's investigation or attempt to report the accident or, for that matter, that Ball was even attempting to investigate or report the incident at the time he struck plaintiff with the pipe. Rather, the subject complaint merely states that Ball got out of his cab, walked over to plaintiff, and proceeded to hit him over the head with a pipe. This act patently has no relation to the business of driving a cab. In view of their duties, cab drivers are not expected to strike individuals on the street with metal pipes. Second, the battery could have no relation to Yellow Cab's interest in protecting its prop-

erty since the contact between the two vehicles had already occurred. Lastly, the battery could not have prevented plaintiff from delaying Ball's progress to the airport to obtain passengers as a delay had already occurred before Ball got out of his cab to strike plaintiff.

While we accept the principles stated in the cases primarily relied on by plaintiff, their factual inappositeness makes their application improper in the resolution of the instant case. *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162, *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 422 N.E.2d 925, and *Parsons v. Weinstein Enterprises, Inc.* (Fla. App. 1980), 387 So. 2d 1044, all present situations in which bartenders or bouncers endeavored to maintain order or protect the property of their employees. The nature of a bartender's or bouncer's job makes the use of force during the course of his employment highly probable. A cab driver, on the other hand, is basically relegated to transporting individuals from one destination to another and, as such, it is unlikely that he will undertake to attack a person that is neither a passenger nor is connected with the cab company. In *Metzler v. Layton* (1939), 373 Ill. 88, 25 N.E.2d 60, an employee holding the position of office manager in a finance company mistakenly shot plaintiff while in the pursuit of robbers. Likewise, the court found the employee to have acted within his managerial capacity and in accordance with his duty to protect the property and business of his employer.

The assault on plaintiff in the instant case amounted to a deviation from the conduct generally associated with the enterprise of cab driving. Accordingly, we find the facts before us to be more akin to those in *Webb v. Jewel Cos.* (1985), 137 Ill. App. 3d 1004, 485 N.E.2d 409, and *Awe v. Striker* (1970), 129 Ill. App. 2d 478, 263 N.E.2d 345. In *Webb*, plaintiff sought to hold Jewel liable for a sexual assault committed by one of its security guards. This court held at that time that it was impossible to interpret such act as one undertaken for the purpose of furthering Jewel's business. Similarly, plaintiff in *Awe* sought to hold the operators of a carnival liable for the battery committed on his person by several employees. Upon losing a carnival game, plaintiff had complained to the employees of crookedness and threatened to notify the sheriff. Angered by the threats, the employees proceeded to jump on plaintiff and beat him with their fists and a hammer. In dismissing the counts brought under the doctrine of *respondeat superior* for failure to state a cause of action, the court held that since the game played by plaintiff had been completed and the carnival employees had performed the duties for which they had been hired, the subsequent attack was outside the scope and not in further-

ance of their employment.

As Ball's assault on plaintiff was clearly not an act undertaken to further Yellow Cab's business but rather one propelled singularly by anger and frustration, the trial court properly dismissed count IX of plaintiff's fourth amended complaint for failure to state a cause of action under the doctrine of *respondeat superior*.

Counts VII and VIII of the subject complaint were also correctly dismissed. Said counts seek to charge Yellow Cab with a breach of their duty to supervise Ball on account of his alleged vicious disposition and to inspect the taxicab for the presence of weapons. With respect to the duty to supervise, however, plaintiff in the instant case fails to allege that Yellow Cab had knowledge that one of its drivers was assaulting plaintiff and stood by without taking any action to stop such conduct. Instead, plaintiff pleads bare conclusions regarding Ball's supposedly vicious disposition. Furthermore, charging Yellow Cab with a breach of duty to inspect cabs to ensure that weapons are never present in the vehicles is nonsensical when there is no allegation that the object with which plaintiff was hit was ever within the taxicab. Absent such an allegation, it is difficult to conclude that any failure on the part of Yellow Cab to inspect for weapons could have caused plaintiff's injuries.

The Illinois Supreme Court has firmly established that a motion to dismiss " 'does not admit conclusions or inferences by the pleader, such as conclusions of law or of fact unsupported by allegations of specific facts on which the conclusions must rest.' " (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426, 430 N.E.2d 976, 985, quoting *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 276.) Under the circumstances presented in the instant case, the trial court correctly dismissed counts VII and VIII of plaintiff's fourth amended complaint.

The judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.