SIXTH DIVISION

June 6, 1997

No. 1-95-2653

GLORIA WILLIAMS, Individually and as  )

Special Administrator of the Estate of  )        Appeal from

KEVIN WILLIAMS, Her Son, Deceased, KELLEY )     the Circuit Court

WILLIAMS and RONALD HEMPHILL,  )      of Cook County.

  )

Plaintiffs-Appellants,  )

  )           88-L-22568)

v.  )     Nos.  90-L-08100) 

  )           94-L-09393

ALAN HALL, as Agent for ITALIAN FIESTA  )  

PIZZERIA, INC., a Corporation, ITALIAN  )   

FIESTA PIZZERIAS l and 2 d/b/a ITALIAN  )         Honorable

FIESTA PIZZERIA,  )      Daniel J. White,

  )     Justice Presiding.

Defendants-Appellees.  )

JUSTICE THEIS delivered the opinion of the court:

Plaintiffs appeal the trial court's order granting defendants' motion for judgment notwithstanding the verdict.  We affirm.

On the evening of Saturday May 29, 1988, Kevin Williams, Ronald Hemphill, Derrell Dixon, and Brian Osborne drove to a McDonald's restaurant on Halsted street in Chicago.  The restaurant was located across the street from the Italian Fiesta Pizzeria.  Williams and Hemphill noticed pizza boxes on top of a car parked in front of the pizzeria.  After the group left McDonald's in Dixon's Jeep, Dixon pulled within a few car lengths of the pizza boxes.  Dixon and Hemphill jumped out of the Jeep to grab the boxes.  When Dixon and Hemphill discovered the boxes were empty, they dropped the boxes and re-entered the Jeep.   

Alan Hall, an Italian Fiesta pizza driver, noticed the group's activities while inside the pizzeria.  Hall exited the pizzeria, yelling at the group to return the pizza boxes.  While Dixon drove the Jeep, Hall entered his vehicle and began chasing them.  Dixon turned the wrong way onto a one-way street, and Hall continued to pursue them.  Dixon collided with another vehicle, which propelled Dixon's Jeep into a tree.  The accident resulted in Williams' death and Hemphill's injury.  While Hall was not injured in this accident, he subsequently died from other causes.  

Plaintiffs filed a wrongful death action against the pizzeria under theories of negligent hiring and vicarious liability based upon the employment relationship.  The trial court granted defendants' motion for a directed verdict on the plaintiffs' negligent hiring count.  However, the court denied the defendants' motion as to vicarious liability, and allowed the case to proceed to trial on this issue.  The defendants presented evidence that the pizzeria specifically informed employees and pizza drivers that they were not to attempt to recover stolen property or punish perpetrators.  Rather, the pizzeria's policy was for supervisors to contact police and file a report in the event of theft.  In addition, the pizzeria did not penalize pizza drivers if their property was stolen.

The jury returned a verdict in favor of plaintiffs.  In their post-trial motion, the defendants claimed that they could not be held liable for Hall's actions as a matter of law.  Accordingly, the defendants argued, they were entitled to judgment notwithstanding the verdict (JNOV).  The trial court agreed, stating that "[i]t's my opinion that the employee's deviation from the course of employment was exceedingly marked and unusual.  *** [A]s a matter of law the employee was acting outside the scope of his employment."  Plaintiffs appeal, claiming that the court erred in granting JNOV.  We affirm.

We review orders granting JNOV under a 
de
 
novo
 standard.  
Arellano v. SGL Abrasives
, 246 Ill. App. 3d 1002, 617 N.E.2d 130 (1993).  A court should enter an order of JNOV only when the evidence, viewed in a light favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict could stand.  
Pedrick v. Peoria & Eastern R.R. Co.
, 37 Ill. 2d 494, 229 N.E.2d 504 (1967).  In the case at bar, we find that the evidence established that the pizzeria was not liable for Hall's conduct as a matter of law. 

The Illinois Supreme Court set forth the standard for holding an employer liable for the conduct of its employees in 
Pyne v. Witmer
, 129 Ill. 2d 351, 543 N.E.2d 1304 (1989).  The court relied upon the Restatement (Second) of Agency §228 (1958) and stated that:

"`Conduct of a servant is within the scope of employment if, but only if:

­(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master ***.́"  
Pyne
 v. Witmer
, 129 Ill. 2d at 360, 543 N.E.2d at 1308.  

An employer is not liable for the criminal acts of its employees if the act is not committed in furtherance of the employer's business, but rather in furtherance of the employee's purposes.  
Harrington v. Chicago Sun-Times
, 150 Ill. App. 3d 797, 502 N.E.2d 332 (1986).  While an employee's minor deviation from his course of employment will not negate an employer's liability, extreme and unusual deviations place the conduct outside the scope of employment.  
Sunseri v. Puccia
, 97 Ill. App. 3d 488, 422 N.E.2d 925 (1981).  "The fact that the servant acts in an outrageous manner or inflicts a punishment out of all proportion to the necessities of his master's business is evidence indicating that the servant has departed from the scope of employment in performing the act."  Restatement (Second) of Agency §245, Comment 
f
, at 541 (1958).

A review of the relevant case law reveals that Hall's conduct was outside of the scope of his employment.  For example, in 
Harrington v. Chicago Sun-Times
, the court held that a newspaper driver was not acting within the scope of his employment when he shot an alleged thief along the driver's route.  
Harrington
, 150 Ill. App. 3d 797, 502 N.E.2d 332.  The court ruled that such conduct was too unforeseeable and outrageous, where the employee's job responsibilities did not include punishing those who attempted to steal the employer's property.  
Harrington
, 150 Ill. App. 3d 797, 502 N.E.2d 332.

Similarly, in 
Rubin v. Yellow Cab Co.
, 154 Ill. App. 3d 336, 507 N.E.2d 114 (1987), the court found that the plaintiff's allegations that the defendant's cab driver struck him about the head and shoulder with a metal pipe after the plaintiff's car blocked the cab driver's progress were insufficient to state a cause of action.  The court noted that the cab driver's conduct would not result in the collection of a fare or otherwise benefit the employer.  The court held that the cab driver's assault on the plaintiff was "clearly not an act undertaken to further Yellow Cab's business but rather one propelled singularly by anger and frustration."  
Rubin
, 154 Ill. App. 3d at 340, 507 N.E.2d at 116. 

The instant case parallels 
Harrington
 and 
Rubin
 in the following respects:  (1) the employees were all ostensibly on duty at the time of the incident; (2) the employees were all angered by the plaintiffs' acts which were related, at least tenuously, to the employer's business; and (3) the employees' acts were not a foreseeable extension of their job responsibilities.  The evidence at trial was that the pizza boxes were empty.  Even if the pizzas were stolen, the pizzeria directed Hall not to attempt to recover stolen property and the pizzeria did not penalize employees for stolen pizzas.  Accordingly, just as in 
Harrington
 and 
Rubin
, we find as a matter of law that Hall's actions were not in furtherance of his employer's interests.

The case law plaintiff relies upon is readily distinguishable from the instant case.  For example, 
Sunseri v. Puccia
, 97 Ill. App. 3d 488, 422 N.E.2d 925 (1981), involved a situation where a bartender committed an intentional tort while attempting to maintain order and protect his employer's property.  The court ruled that a directed verdict was inappropriate because whether such conduct was unforeseeable in light of the bartender's duties and whether the bartender's use of force was excessive were questions of fact for the jury.  
Sunseri
, 97 Ill. App. 3d 488, 422 N.E.2d 925.  In distinguishing cases involving bartenders and bouncers from other employees, the 
Rubin
 court stated that "[t]he nature of a bartender's or bouncer's job makes the use of force during the course of his employment highly probable."  
Rubin v. Yellow Cab Co.
, 154 Ill. App. 3d 336, 339, 507 N.E.2d 114, 115 (1987).

In the case at bar there was no evidence presented which would establish even an inference that the use of force was a reasonably foreseeable extension of Hall's duties.  Rather, such conduct was contrary to his employer's policy of allowing supervisors to handle thefts.  We find that, as a matter of law, Hall's conduct in pursuing the Jeep was an unforeseeable extension of his job responsibilities.  Because Hall was acting outside the scope of his employment, we find that the pizzeria could not be held liable for Hall's conduct as a matter of law. Therefore, we affirm the ruling of the trial court.

Affirmed. 

ZWICK and QUINN, JJ., concur.