January 20, 1999

No. 3--97--0965

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

RANTZ BALLY, ) Appeal from the Circuit Court

) for the 12th Judicial Circuit

 Plaintiff-Appellee, ) Will County, Illinois

)

v. ) No. 94--L--6297 

) 

AURELIA PORA, ) Honorable 

) William McMenamin,

Defendant-Appellant. ) Judge Presiding

PRESIDING JUSTICE HOMER delivered the opinion of the court:

The plaintiff brought a premises liability action against a homeowner to recover for injuries he sustained when a chimney collapsed on him while he was fighting a fire in the homeowner's residence.  The jury returned a verdict in favor of the plaintiff and the homeowner appealed.  Following our careful consideration, we determine that the "fireman's rule" precludes the plaintiff's recovery.  Therefore, we must reverse.

I.  FACTS

The defendant was the owner of a two-story farmhouse located in rural Frankfort, Illinois.  The defendant had lived in the house, estimated to be between 70 and 100 years old, since 1974.  The chimney located in the center of the house was constructed primarily of cement block except for the portion above the roof line.  That three-and-one-half-foot portion of the chimney was constructed of a single layer of bricks.  The chimney was not used by the defendant until a furnace was installed in the basement in the late-1970s.  Over the years, the interior of the home had been significantly renovated, but the chimney was not altered.

On April 24, 1994, sparks from a burning brush pile ignited a fire at the defendant's house.  The plaintiff, an experienced volunteer firefighter with the New Lenox Fire Department, was among the members of three fire districts that were called to the scene.  The house burned for over two hours at extremely high temperatures as the fire spread from the southwest corner of the house to the northeast corner.  Significant portions of the walls, ceilings, floors, and roof were burned away.  The second floor and attic areas were partially exposed to the outside.  After one and a half hours of firefighting activity, most of the flames were extinguished.

The plaintiff and his crew were the first to enter the burning house through a second floor window.  Their job was to open up or "overhaul" the area by removing the ceilings and wallboard so water could be applied to the fire by the engine crew operating the hoses.  After a while, the plaintiff exited the building to take a break due to the intensity of the smoke and heat.  Other crews were still on the second floor conducting salvage and overhaul activities.

Intending to rejoin the crews on the second floor, the plaintiff re-entered the house through the front door and proceeded up the main staircase which was located about four feet from the chimney.  As he was ascending the staircase, the top portion of the chimney fell through a large hole in the roof and struck the plaintiff in the back.  Tragically, the plaintiff sustained substantial injuries, including a broken back which resulted in permanent paralysis below his waist.

The plaintiff filed the instant lawsuit alleging that the defendant's chimney presented an unreasonable risk of harm to persons on the premises because it was constructed of only one layer of bricks and did not contain a chimney liner.  He also alleged that the defendant failed to warn him of the unreasonable risk of harm posed by the chimney.
(footnote: 1)  In response, the defendant filed an affirmative defense asserting that the doctrine of assumption of risk precluded the plaintiff from recovering.  In various motions which were denied by the trial court, the defendant also argued that she owed no duty to the plaintiff based upon the fireman's rule. 

In addition to his own testimony, the plaintiff presented the testimony of an architect, two fire officials who were present at the scene, the defendant and the defendant's ex-

husband.  Other witnesses called by the plaintiff testified as to the extent of his injuries.  The defendant presented her own testimony and that of her daughter, son, and two fire investigation experts.  The relevant portions of the testimony will be discussed further in the analysis.

The jury returned a verdict in favor of the plaintiff and awarded damages of $823,904.67, which were subsequently reduced by the trial court to $528,904.67.  The defendant filed a motion for judgment notwithstanding the verdict (
n.o.v.
) or, in the alternative, for a new trial arguing, 
inter
 
alia
, that the plaintiff failed to prove the existence of a duty owed by the defendant and that the fireman's rule precluded recovery.  The defendant's motion was denied and the instant appeal followed.

On appeal, the defendant argues the following:  (1) that the trial court erred in (a) denying her motion for judgment 
n.o.v.
, (b) improperly instructing the jury
 regarding duty and refusing to instruct regarding the fireman's rule, and (c) admitting evidence regarding industry standards and practices with respect to chimney construction and the defendant's previous ownership interest in a home remodeling company; and (2) that the jury's verdict was contrary to the manifest weight of the evidence.

II.  ANALYSIS

Judgment 
n.o.v.
 is properly granted where the evidence, considered in the light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict based upon that evidence could ever stand.  
Tierney v. Community Memorial General Hospital
, 268 Ill. App. 3d 1050, 1054, 645 N.E.2d 284, 287 (1994).  A motion for judgment 
n.o.v.
 presents a question of law and will only be granted if the plaintiff has failed to prove an essential element of his case.  
Bryant v. Livigni
, 250 Ill. App. 3d 303, 313, 619 N.E.2d 550, 558 (1993).  On appeal of a trial court's denial of judgment 
n.o.v.
, this court conducts 
de
 
novo
 review.  
Williams v. Hall
, 288 Ill. App. 3d 917, 919, 681 N.E.2d 1037, 1038 (1997).  Reversal is not warranted if there is any evidence demonstrating a substantial factual dispute or where assessments of witnesses' credibility or determinations regarding conflicting evidence are decisive to the outcome.  
Greenberger, Krauss, & Tenenbaum v. Catalfo
, 293 Ill. App. 3d 88, 94, 687 N.E.2d 153, 158 (1997).  

To prevail on a claim for premises liability, a plaintiff must allege and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach of duty.  
Ward v. K Mart Corp.
, 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990).  In the instant case, the defendant contends that the plaintiff failed to present evidence establishing the existence of a duty owed by defendant to plaintiff because:  (1) the fireman's rule precluded a finding of duty and (2) the collapse of the chimney was not foreseeable.  For the following reasons, we reverse.

Fireman's Rule

The fireman's rule is a doctrine that limits the extent to which firefighters may recover for injuries sustained when they enter onto privately-owned property in the discharge of their duties.  
McShane v. Chicago Investment Corp.
, 235 Ill. App. 3d 860, 864, 601 N.E.2d 1238, 1242 (1992).  Premised on the concept of assumption of risk, the fireman's rule places a limitation on landowner liability based upon the fact that firefighters knowingly and voluntarily subject themselves to certain hazards while fighting fires.  See 62 Am. Jur. 2d 
Premises Liability
 §431 (1990). 

When a firefighter enters upon a person's property to fight a fire, he assumes the risk of being injured by causes related to or arising out of the fire.  
McShane
, 235 Ill. App. 3d at 865, 601 N.E.2d at 1242-243.  However, a homeowner still has the duty to exercise reasonable care to maintain her property in a safe condition so as to prevent injury to firefighters due to causes independent of the fire.  
Hedberg v. Mendino
, 218 Ill. App. 3d 1087, 1089, 579 N.E.2d 398, 399 (1991).  Consequently, firefighters do not assume the risk of being injured by causes that would be faced by an ordinary citizen entering upon the property.  
McShane
, 235 Ill. App. 3d at 871-74, 601 N.E.2d at 1246-248 (recovery allowed where firefighters were injured and killed in a high-rise building because the elevator malfunctioned and the emergency phone, alarm, exit signs, and ceiling access hatch were inoperable); see also 
Dini v. Naiditch
, 20 Ill. 2d 406, 417, 170 N.E.2d 881, 886 (1960) (recovery allowed where firefighters were injured and killed when a defectively- constructed staircase in a burning building collapsed and evidence showed that the staircase was unaffected by the fire and there were numerous violations of fire safety ordinances). 

The rationale supporting the fireman's rule is based upon the fact that firefighters receive specialized training to anticipate and encounter the risks ordinarily associated with firefighting.  While a firefighter may be able to recover for unexpected or hidden dangers that are attributable to the landowner's negligence, he may not recover for injuries caused by obvious dangers or dangers which his training and experience would lead him to reasonably anticipate.  
Vroegh v. J & M Forklift
, 255 Ill. App. 3d 155, 159, 626 N.E.2d 1046, 1049 (1993), 
rev'd on other grounds
, 165 Ill. 2d 523, 651 N.E.2d 121 (1995).

Under these principles, recovery was not permitted 

in 
Coglianese v. Mark Twain Limited Partnership
, 171 Ill. App. 3d 1, 524 N.E.2d 1031 (1988), where the firefighter's claim was based upon allegations that he was overcome by smoke, soot, and noxious gases emitted by the burning building's interior walls which failed to meet city codes because they were constructed with materials that were not fire retardant.  Similarly, in 
Luetje v. Corsini
, 126 Ill. App. 3d 74, 466 N.E.2d 1304 (1984), a firefighter could not recover for injuries sustained when part of the chimney fell from the burning building because of the fire.  In both 
Coglianese
 and 
Luetje
, the court held that the injuries suffered were not caused by circumstances independent of the fire, but were part of the risks normally associated with the firefighting profession.

After our careful review of the record, we determine that the evidence presented in the instant case, even when viewed in favor of the plaintiff, so overwhelmingly shows that the chimney collapsed on the staircase as a result of the fire, that no contrary decision based upon this evidence could ever stand.  Therefore, we must reverse the jury's verdict.

The firefighters who testified all agreed that falling objects and collapse of building structures are risks inevitably associated with the task of fighting fires.  Although James Grady, the fire chief of the Frankfort Fire Protection District, and John Meade, the deputy fire chief, testified that they had never seen a chimney collapse during a fire, they both indicated that they were aware of the special problems posed by a fire occurring in an old farmhouse.

Chief Grady testified that this fire spread quickly because the house was of "balloon" construction, meaning that the walls were open from the basement to the attic and there were no fire stops between the floors to prevent the fire from spreading up through the walls.  As a result, the rapid spreading of the fire severely damaged the entire house and weakened its structure.  Chief Grady explained that firefighters are always aware of the possibility that weakened structures may collapse and they take certain precautions to protect themselves.

The plaintiff conceded that chimneys pose a risk during fires.  Although he did not anticipate that this chimney would fall on him, he acknowledged that when fire burns away the structure surrounding a chimney, the support for the chimney is weakened.  The plaintiff testified that he was trained to "size up" the scene of a fire upon arrival which includes identifying hazards such as chimneys.  Although he had never seen a chimney collapse in a fire, he acknowledged that he always makes sure he is aware of the location of a chimney during the course of fighting a fire because it is an area where fire can quickly travel upwards and it poses a danger of falling.

The plaintiff contends that the fact that the chimney was constructed of a single layer of bricks and did not have a flue liner made it unreasonably dangerous.  However, the evidence overwhelmingly supports the conclusion that the chimney collapsed on the staircase due to causes related to the fire and firefighting activities.

When the plaintiff re-entered the house, the structure was still burning and had already been severely damaged by the fire and firefighting activities.  Deputy Chief Meade, who conducted the investigation after the fire, testified that the joists surrounding the chimney were severely burned.  He opined that the chimney collapse was caused by over-heating of the mortar joints between the chimney bricks at the roof line due to the intense heat in the attic which reached temperatures over 1,000 degrees.  He stated that the mortar broke down and weakened the structure causing the chimney to break away under the weight at the top.

The opinions of the defendant's "cause of loss analyst," Henry Morton, regarding the overheating of the mortar joints were consistent with Meade's.  Morton also opined that the lateral stress placed on the chimney contributed to its collapse.  He indicated that the lateral stress was caused by the firefighting activities on the second floor, including the water streams from the fire hoses being used and the overhaul efforts of the firefighting crews.

The plaintiff's expert, retired architect David Bowie, testified that an unlined chimney poses an unreasonable risk of harm to persons in the building because such a chimney would permit flue gases, like carbon monoxide, to escape into the residence and would permit the frame construction to be exposed to heat during its use.  However, those risks of harm had nothing to do with the plaintiff's injuries resulting from the collapse of this chimney.  Bowie also stated that a residual effect of a flue liner would be to strengthen the chimney, and in his opinion a chimney without a flue liner is hazardous because it would not be "as strong as it should be."  Bowie testified that since the 1930s it has been standard practice to construct chimneys with either a double layer of bricks or with a liner.  However, he admitted that those standards would not apply to a home purchaser, such as the defendant, and they would not apply to a house built before the standards were in place, such as the instant farmhouse.  

Bowie opined that the immediate causes of the chimney collapse were the effects on the unlined chimney of the heat, fire damage, and lateral stress exerted by the firefighting activities.  Bowie believed that it was more likely than not that if this chimney would have had a flue liner or a double layer of bricks it would have been strong enough to withstand those causes of collapse.  However, even accepting the accuracy of Bowie's conclusions, the plaintiff cannot prevail.

It cannot be said that an ordinary citizen entering upon the property in the absence of a fire faced the same risk of injury that this plaintiff did when he entered the property.  Rather, the evidence proved that the plaintiff was injured because the fire and firefighting activities caused the chimney to fall through the weakened roof and ceiling structures striking the plaintiff as he ascended the staircase on the first floor of the farmhouse.  This was a risk that the plaintiff, as a firefighter, assumed when he entered upon the property to fight the fire.

The plaintiff contends that if this court reverses, it will require an extension of the fireman's rule to preclude recovery for any injury which would not have happened in the absence of a fire.  We disagree.  In this case, we hold that the evidence presented overwhelmingly proved that the chimney collapsed on the plaintiff due to causes directly related to and arising out of the fire and firefighting activities.  Therefore, the fireman's rule precludes the plaintiff's recovery.

Because we conclude that the defendant's liability is barred as a matter of law by the fireman's rule, we determine that the trial court erred in failing to grant the defendant's motion for judgment 
n.o.v.
  Since we have reversed the jury's verdict outright, it is unnecessary to address the defendant's alternative argument of lack of foreseeability and the other issues raised by the defendant in this appeal. 

III.  CONCLUSION

For the forgoing reasons, the judgment of the circuit court of Will County is reversed.

Judgment reversed.

HOLDRIDGE, P.J., and KOEHLER, J, concur.

FOOTNOTES
1:     
 In his second amended complaint, the plaintiff also alleged that the chimney structure violated certain building codes.  The trial count granted summary judgment as to those allegations, finding that the code provisions imposed no duty of care on the defendant.  A motion 
in
 
limine
 was granted to bar plaintiff from presenting evidence regarding the code provisions.