MARY MARAS, as Guardian of Shaharu Daniels, a Disabled Person, Plaintiff-Appellant, v. MILESTONE, INC., d/b/a Rocvale Children's Home, Defendant-Appellee.

Second District   No. 2—03—0964

Opinion filed May 13, 2004.

David F. Monteleone, of Schirger, Monteleone & Hampilos, P.C., of Rockford, for appellant.

John J. Holevas and Troy E. Haggestad, both of Williams & McCarthy, P.C., of Rockford, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Mary Maras, as the guardian of her disabled adult daughter, Shaharu Daniels, appeals the dismissal of the vicarious liability counts of her complaint against defendant, Milestone, Inc., the operator of the home where her daughter lives. The court dismissed the counts, holding that, as a matter of law, plaintiff could not establish that an employee of defendant's committed the alleged battery of Daniels in the course of his or her employment, an essential condition for vicarious liability. Because we believe that the court misapplied the standard for whether an act occurred in the course of a person's employment, we reverse the judgment and remand the matter.

Plaintiff filed a personal injury action against defendant, claiming that it was vicariously liable for injuries Daniels sustained in two batteries at the hands of its employee(s). She also claimed that it was directly liable for negligently having failed to remove the responsible employee(s) after the first incident. Defendant moved to dismiss the vicarious liability counts on the basis that "[n]owhere in Plaintiff's Complaint is it alleged that [defendant's employees] were acting in the course and scope of their employment or in anyway [sic] authorized to make physical contact with the disabled plaintiff." It contended that this alone was basis for judgment on the pleadings. It further argued that reckless or malicious behavior is legally outside the scope of a person's employment. The court granted defendant's motion, but gave plaintiff leave to file an amended complaint.

As amended, the complaint alleged that defendant is in the business of providing care and training to the residents of the home it operates, who mostly are disabled children. On April 13, 2000, and April 20, 2000, one or more of defendant's employees "while on-duty and performing the duties assigned to him/her/them, wantonly and willfully committed an aggravated battery upon SHAHARU DANIELS by striking her repeatedly. In so striking her, the employee(s) intended to cause, and did cause, harm to SHAHARU DANIELS." Defendant moved to dismiss all counts pursuant to section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 2002)). It alleged that it had "previously presented a motion *** based on the fact that no facts were pleaded which could support a finding that the alleged physical assault was within the scope of the assailant's employment." It also noted that the only difference between the two complaints was that plaintiff added the allegation that the batteries took place while the employees were " 'on-duty and performing the duties assigned to

him/her/them.' " It argued that "[p]laintiff has not pled one fact to suggest that [the] battery upon the plaintiff by 'striking her repeatedly' was the type of conduct that the employees were, in fact, employed to perform."

The court ruled that "under the facts presented in this case the Plaintiff is unable to state a cause of action under the theory of *respondeat superior* as a matter of law, which would impute the intentional conduct of the unnamed Milestone employees upon Milestone." It therefore dismissed the vicarious liability counts of the complaint with prejudice. Plaintiff timely appeals (see 155 Ill. 2d R. 304(a)), contending that this ruling was incorrect. Defendant responds, contending, *inter alia*, that plaintiff waived her argument in this court by failing to make it in the trial court.

■ A trial court should grant a motion to dismiss a complaint under section 2—615 of the Code only when the allegations in the complaint, construed in the light most favorable to the plaintiff, fail to state a cause of action upon which relief can be granted. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 147 (2002). The court must accept as true all well-pleaded facts and inferences drawn from those facts. *Oliveira*, 201 Ill. 2d at 147. We review *de novo* a dismissal under section 2—615. *Oliveira*, 201 Ill. 2d at 147-48. The sole issue here is whether the nature of the alleged torts of defendant's employees precludes defendant's vicarious liability as a matter of law. That is the basis the court gave for the dismissal, and defendant does not suggest that we should affirm the dismissal on some other basis.

■ An employer is vicariously liable for the tort of its employee only if the tort is committed while the employee is acting within the scope of his or her employment. *Montgomery v. Petty Management Corp.*, 323 Ill. App. 3d 514, 517 (2001). Here, the court clearly implied that defendant's employees' alleged actions could not have been within the scope of their employment. A court should determine as a matter of law that an employee acted outside the scope of his or her employment only if no reasonable person could conclude from the evidence that the employee was acting within the scope of his or her of employment. *Pyne v. Witmer*, 129 Ill. 2d 351, 359 (1989).

■ This is not a case where a court could decide as a matter of law that the torts plaintiff alleges fell outside the scope of employment of defendant's employees. A tort can fall within the scope of a person's employment even if the conduct was unauthorized or forbidden by the employer. *Wilson v. Clark Oil & Refining Corp.*, 134 Ill. App. 3d 1084, 1090-91 (1985), citing Restatement (Second) of Agency § 230 (1958). The employer may be liable for the "negligent, wilful, malicious or even criminal acts of its employee[ ] when such acts are committed in

the course of employment and in furtherance of the business of the employer." *Webb v. Jewel Cos.*, 137 Ill. App. 3d 1004, 1006 (1985). If an intentional tort is motivated in part by an intent to serve the employer's purpose and in part by the employee's venting of emotion, the employer may be vicariously liable. *Sunseri v. Puccia*, 97 Ill. App. 3d 488, 493 (1981). The employer is not liable, however, if the act is committed solely for the employee's own benefit. *Webb*, 137 Ill. App. 3d at 1006. The outrageousness of an act may be evidence that the employee has gone beyond the scope of his or her employment, but it is not conclusive. *Sunseri*, 97 Ill. App. 3d at 493. Thus, in *Sunseri*, the court held that the question of whether a bartender had exceeded the scope of his employment when he bit off a patron's ear in a barroom scuffle was one for the jury. *Sunseri*, 97 Ill. App. 3d at 493. Here, the alleged acts of defendant's employees are no farther afield than that in *Sunseri* and are natural examples of the sort of behavior that may be a result of dual motivation.

■ An employer's liability for an intentional tort will also depend in part on whether the act was a predictable outgrowth of acts the employer authorized the employee to perform. *Rubin v. Yellow Cab Co.*, 154 Ill. App. 3d 336, 339 (1987); Restatement (Second) of Agency § 228(1)(d) (1958). Although plaintiff's complaint is not a model of specificity regarding the functions of defendant's employees, we think one can reasonably infer that the care of disabled children may properly involve a level of physical constraint or compulsion—for example, in bathing a child who does not understand why bathing is necessary. The escalation of proper constraint to battery at the hands of a tired or frustrated caregiver is, sadly, predictable. Thus, a decision as a matter of law on this issue was improper.

■ Defendant's contention that plaintiff cannot present her argument to this court because she did not make it to the trial court misconstrues the trial court's role in deciding a motion pursuant to section 2—615. The trial court's function is to examine the *complaint* to determine whether the complaint alleges facts that, considered in the light most favorable to the plaintiff, are sufficient to state a cause of action. *Board of Directors of Bloomfield Club Recreation Ass'n. v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999). Thus, although the court may hear the parties' arguments, the court's decision should be based on what appears in the complaint, and we can determine the correctness of that decision without knowing what the parties argued, or indeed, whether they argued at all.

For the reasons given, we reverse the judgment of the circuit court

of Winnebago County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

GROMETER and CALLUM, JJ., concur.