SHAWN WALTON, Plaintiff-Appellant, v. ILLINOIS BELL TELEPHONE COMPANY, a/k/a Ameritech Illinois and SBC Ameritech, *et al.*, Defendants-Appellees.

Second District    No. 2—04—0162

Opinion filed November 15, 2004.

Michael B. Lulay, of Michael B. Lulay & Associates, Ltd., of Wheaton, for appellant.

Todd L. Shivers, of Wheaton, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

In this appeal, we consider whether a party to a proceeding before the Industrial Commission (Commission) under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq*. (West 2002)) may maintain an independent equitable action for the sole purpose of obtaining discovery germane to the worker's compensation proceeding. We conclude that, based upon the facts in this case, the answer is no.

In April 2003, plaintiff, Shawn Walton, filed an equitable bill of discovery in the circuit court of Du Page County against defendants, Illinois Bell Telephone Company, a/k/a Ameritech Illinois and SBC Ameritech (SBC), and Sedgwick Claims Management Services (Sedgwick). Plaintiff alleged that in January 2001, while employed by SBC as a field technician, he suffered a work-related injury as a result of falling from a ladder. Plaintiff filed a claim against SBC for compensation with the Commission. According to plaintiff, Sedgwick was responsible for administering worker's compensation benefits on behalf of SBC. Plaintiff submitted himself to an independent medical examination performed by Dr. Gary S. Skaletsky, who determined that plaintiff was disabled from work and in need of surgery. Later, however, defendants conducted videotaped surveillance of plaintiff and provided

the videotape to Dr. Skaletsky. Dr. Skaletsky then revised his earlier opinion and concluded that plaintiff's injury was not disabling. Plaintiff alleged that defendants had refused to provide a copy of the videotape to him and that he needed access to the tape prior to the hearing on his worker's compensation claim in order to prepare for the examination of his treating physician and the cross-examination of Dr. Skaletsky. Plaintiff contended that there was no mechanism for obtaining discovery of the videotape within the worker's compensation proceeding, and he requested that the court enter an order requiring defendants to produce the videotape, as well as any statements from witnesses to his accident and all other "investigative materials."

Defendants moved to dismiss the bill. The motion did not indicate which section of the Code of Civil Procedure (Code) (735 ILCS 5/1—101 *et seq.* (West 2002)) it was brought under. The trial court denied the motion and ordered defendants to answer or otherwise plead. Defendants then filed a second motion to dismiss, this time pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 2002)), contending that "[plaintiff's] exclusive remedy for all matters pertaining to this Bill of Discovery lies with the Illinois Industrial Commission." In response, plaintiff moved for summary judgment. At the hearing on the motions, plaintiff's attorney indicated that he envisioned that the trial court would rule not only on the summary judgment motion but also on the underlying bill of discovery. Plaintiff's attorney advised the court:

> "[I]f you're going to deny my Summary Judgment Motion really there's no facts that would ever result in a trial here[.] [D]eny the bill of discovery, as well, and we can go straight up to an appeal on it."

The trial court entered an order denying both the summary judgment motion and the underlying bill of discovery. Plaintiff filed a timely notice of appeal.

■ Initially, we note that plaintiff's brief does not contain a statement of the standard of review as required by Supreme Court Rule 341(e)(3) (210 Ill. 2d R. 341(e)(3)). The omission is problematic given the somewhat irregular procedure followed in the trial court. At plaintiff's invitation, the trial court "denied" plaintiff's bill of discovery, but the court did not specify any procedural basis for the "denial."[1] In our view, however, the trial court's ruling was tantamount to a dismissal under section 2—615 of the Code (735 ILCS 5/2—615

---

[1]The Code and the supreme court rules prescribe various methods of terminating an action before trial, including: dismissal for failure to state a

(West 2002)) for failure to state a cause of action. The trial court essentially ruled, as a matter of law, that a party to a worker's compensation proceeding may not use an equitable bill of discovery to expand the scope of discovery available under the Commission's procedural rules. As such, the court's analysis focused on the legal sufficiency of plaintiff's bill, which is the subject of a section 2—615 motion. *Cohen v. McDonald's Corp.*, 347 Ill. App. 3d 627, 632 (2004) ("A motion to dismiss under section 2—615 of the Code tests the legal sufficiency of a pleading"). We review *de novo* a dismissal under section 2—615. *Maras v. Milestone, Inc.*, 348 Ill. App. 3d 1004, 1007 (2004).

■ The equitable bill of discovery is an artifact of the era preceding the liberal allowance of discovery in the courts:

> "The origin of the bill may be traced to old, rigid common-law rules under which an adverse party could not be compelled to produce documents for use in litigation. To cure this shortcoming, equity courts created the bill of discovery as an exercise of auxiliary jurisdiction to compel discovery in aid of actions at law." R. Barron, *Existence and Nature of Cause of Action for Equitable Bill of Discovery*, 37 A.L.R. 5th 645, 658 (1996).

See also *Guertin v. Guertin*, 204 Ill. App. 3d 527, 529 (1990) (At common law, courts had no power to compel a party to answer interrogatories; bills of discovery were made ancillary to already pending claims for substantive legal or equitable relief, and were used to enable a plaintiff to obtain information and prepare his cause for trial on the ultimate issues). Although modern discovery practices have largely supplanted the bill of discovery (see *Guertin*, 204 Ill. App. 3d at 531), Illinois (see *Brandenburg v. Buda Co.*, 299 Ill. 133, 138-40 (1921)) and the majority of other jurisdictions (see R. Barron, *Existence and Nature of Cause of Action for Equitable Bill of Discovery*, 37 A.L.R. 5th 645, 658 (1996)) still permit resort to the bill of discovery in some circumstances.

Inasmuch as the bill of discovery is an exercise of auxiliary or ancillary jurisdiction, it would seem to presuppose the actual or potential exercise of primary jurisdiction by some tribunal. Even apart from the merger of law and equity, the existence of concurrent legal

cause of action (735 ILCS 5/2—615(a) (West 2002)); dismissal based upon certain defects or defenses (735 ILCS 5/2—619 (West 2002)); dismissal because of a lack of diligence in obtaining service of process (177 Ill. 2d R. 103(b)); judgment by default for want of an appearance or failure to plead (735 ILCS 5/2—1301(d) (West 2002)); dismissal or judgment by default as a discovery sanction (166 Ill. 2d R. 219(c)(v)); judgment on the pleadings (735 ILCS 5/2—615(e) (West 2002)); and summary judgment (735 ILCS 5/2—1005 (West 2002)).

and equitable jurisdiction has been recognized in some circumstances. 27A Am. Jur. 2d *Equity* § 89 (1996). Thus, whether or not substantive equitable relief is ultimately available, it is not difficult to understand how equity could supplement the adjective law *in a judicial proceeding*. However, different considerations apply where, as here, an *administrative proceeding* is pending before an administrative agency. It has been observed:

> "[T]he principle that equity may intervene because of the inadequacy of legal remedies does not necessarily or even readily override an explicit legislative command that a prescribed administrative procedure be followed. The very fact that the legislature has made the direction must be cast into the scales as against the factors which without that fact would or might be of sufficient weight to turn the balance in favor of allowing utilization of equity's resources. Thus, it has been held that equitable relief is not available where an existing *administrative procedure* created by statute is an adequate remedy that assures full protection of plaintiffs' due-process rights and offers complete relief." (Emphasis added.) 27A Am. Jur. 2d *Equity* § 44, at 548-49 (1996).

■ Under the Act, the Industrial Commission is given responsibility for determining the right to benefits. 820 ILCS 305/19 (West 2002). "The role of the circuit court in matters involving the right to benefits under the Act is appellate only ***; the circuit court has no original jurisdiction over proceedings wherein benefits under the Act are determined." *Scott Wetzel Services v. Regard*, 271 Ill. App. 3d 478, 481 (1995). The Commission has statutory authority to "make and publish procedural rules and orders for carrying out the duties imposed upon it by law and for determining the extent of disability sustained, which rules and orders shall be deemed prima facie reasonable and valid" and, in exercising this authority, the Commission is under a mandate that "[t]he process and procedure before the Commission shall be as simple and summary as reasonably may be." 820 ILCS 305/16 (West 2002). The pertinent rules adopted by the Commission make no provision for pretrial discovery (see 50 Ill. Adm. Code §§ 7020.10 through 7030.100 (2003)). Permitting a claimant to circumvent the Commission's procedural rules and obtain general discovery through auxiliary judicial proceedings could substantially undermine the objective of the General Assembly and the Commission to resolve worker's compensation claims through "simple and summary" proceedings.

Notably, plaintiff does not claim that he needs the videotape to make a *prima facie* case for recovery under the Act. Although plaintiff seeks the tape in order to respond to defendants' defense against his claim, he does not contend that the Act and Commission's procedural

rules fail to provide an adequate remedy for workplace injuries or that the lack of discovery under the Commission's procedural rules deprives him of due process of law. Whether a bill of discovery would be available in such circumstances is a question we leave for another day. We conclude that plaintiff was not entitled to a bill of discovery and the trial court properly dismissed the bill.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and BYRNE, JJ., concur.